Cooijsy, Ch. J.:
Birtch sued Ayres in trespass for an assault and battery. The act complained of took place at a blacksmith shop leased by Birtch of Ayres, and occupied by the former at the time. The case made by Birtch was, that Ayres came into the shop and being requested by him to leave refused to do so, whereupon, making use of no moxe force than was necessaxy, he proceeded to put him out, when Ayres struck him a severe blow with a whiffletx-ee. Ayres, on the contrary, claimed that he went to the shop to prevent the carrying off by other parties of some iron which he had sold to Bix-tch, but the title to which he was to retain until it was paid fox*, which had not then been done; that Birtch assaulted him immediately on his entering the shop, and that the blow he struck was in resistance to this assault. If the facts were as Ayres claimed, he had a right to put them before the jury, and they would constitute a complete defense unless the force employed by Ayres in resisting the assault upon him was greater than was necessai-y to his own protection.
The circuit judge appears to have thought that the arrangement between Ayres and Birtch was not material to this controversy. In this we think he exTed. In any event it would be admissible as beax-ing on the question of damages, for it might tend in some degree to excuse, even if it did not justify Ayres in his endeavor to prevent the iron being taken away. But if the iron belonged to Ayres, he ele aid y had a right to take possession of it to prevent its being taken away unlawfully.
*475 It is claimed on behalf of Birtch that what was being done in respect to the iron was by an officer by virtue of *a writ of replevin. The evidence on this point is not as full as it should have been, but it would seem that at the time of the alleged assault no writ had been shown to Ayres, though he demanded that if there was one it should be exhibited. We are not required to comment upon the failure of the officer to exhibit the writ on demand, since no question arises here between the officer and Ayres; but certainly the existence of a writ of replevin in the officer’s hands, though for this very property, could not make Ayres a trespasser in entering the shop to look after the iron, nor render him liable to be put out by force unless he should refuse to leave on request. Nor can we know that Birtch would have been entitled to put him out by force even then, unless we are informed what the arrangement was between them regarding the iron which was deposited there.
The court was asked to charge the jury that if they believed the testimony of James S. Ayres the plaintiff could not recover. This was refused. This witness appears by his evidence to have shown a complete defense except that the question of whether the force employed by Ayres was excessive or not would necessarily have remained open. On that point the jury in any event must pass. But we think counsel were correct in asking the court to hold that if Birtch made the first assault upon Ayres and was not justified in law in so doing, the burden was upon him to show that the force employed by Ayres in resisting and defending his person was excessive.
'The judgment must be reversed, with costs, and a new trial ordered.
The other justices concurred.