[No. 5201.]
[No. 2812 C. A.]

## The Pueblo Savings Bank v. Richardson.

1. **Corporations — Savings Banks — Stock — Transfers on Stock Book—Limitation of Time—Statutory Construction—Common Law.**

Mills' Ann. Stats., § 508, provides that no transfer of stock in any such corporation shall be valid for any purpose whatsoever, except to render the person to whom it shall be transferred liable for the debts of the company, unless the transfer shall have been entered on the stock book within sixty days from the date of transfer. Held, that this provision deprives the owner of the stock of the right to transfer it in accordance with the known rules of the common law; and that, where stock in a savings bank was delivered to a third person and no attempt was made by him to have the transfer entered on the books of the bank for two years, he is not entitled to the stock as against the bank claiming a statutory lien upon the same to secure money loaned the registered holder.—P. 322.

2. **Corporations—Banks and Banking—Knowledge of Facts Acquired by Officers While Attending Private Business—Not Notice to Corporation.**

Where the cashier of a bank, acting in his personal capacity, transferred certain of his stock in the bank to a third person, and such transfer was not presented for entry on the bank's books until after the expiration of the sixty days required by statute, the bank was not charged with notice of the transfer by reason of its cashier's knowledge thereof, so as to defeat its statutory lien upon the stock for money due it from such cashier.—P. 323.

*Appeal from the District Court of Pueblo County. Hon. John H. Voorhees, Judge.*

Action by the Pueblo Savings Bank against Theodore A. Sloane, in which Charles C. Richardson intervened. From a judgment in favor of intervener, plaintiff appeals.        *Reversed.*

Mr. Alva B. Adams, for appellant.

Mr. Samuel D. Trimble, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

The appellant brought suit in the district court of Pueblo county against Theodore A. Sloane to obtain a judgment for money loaned and to enforce an alleged lien upon stock owned by Sloane in the appellant bank. The appellee filed a petition in intervention in this action, alleging a prior lien upon the stock, and asking that it be sold and the proceeds applied to the satisfaction of his claim.

The case was tried before the court without a jury, and judgment rendered in favor of the intervener.

It appears that on August 11th, 1890, Sloane was one of the directors of appellant; that appellant loaned him three thousand dollars; and that on Nov. 8th, 1892, this loan not having been paid, Ellen H. Sloane, the wife of Sloane, the director, made her note to appellant for the sum of $2,500.00. The payment of this note was guaranteed by Sloane, the director, who was then also cashier of the bank.

Upon August 11th, 1890, and up to the time of the trial, Sloane was the registered holder of thirteen shares of the capital stock of appellant. On the 29th of May, 1891, Sloane delivered and pledged with the appellee a certificate of stock for ten of said shares, and on Nov. 30th, 1891, a certificate for the remaining three shares, to secure to appellee the payment of the loan of money in the sum of $2,500.00 made to Sloane by appellee on the 29th of May, 1891. At this time Sloane was the cashier of appellant.

On Nov. 4th, 1893, appellee presented these certificates of stock to, and demanded of, appellant a transfer to him of the stock on the books of the bank. The demand was refused, the bank asserting a lien upon the stock. Nothing further was done in the matter until March 18th, 1897, when appellee ob-

tained judgment against Sloane in the sum of $529.60, the unpaid balance of Sloane's indebtedness to him.

Nothing further appears to have been done until 1900, when appellant brought this action against Sloane, asking for judgment for $2,300.00 and interest from July, 1893, and that the thirteen shares of stock be sold by the sheriff and the proceeds of the sale applied to the payment of plaintiff's claim. To this action appellee filed his petition in intervention, contending that he had a prior lien upon this stock and that the alleged lien of appellant was invalid, for the reason that the statute (§ 530, Mills' Ann. Stats.) provides:

"No officer of a savings bank shall be a borrower or a surety for a borrower of any of its funds, nor shall any savings bank discount any paper made, accepted or endorsed by its cashier or any of its clerks or by any partnership of which either is a member."

Appellant claims its lien by reason of section 513, Mills' Ann. Stats., which is as follows:

"No transfer of stock of any bank formed under this act shall be valid as against the bank, so long as the registered holder thereof shall be liable, either as principal debtor, surety or otherwise, to the association for any debts which shall be due and unpaid."

In this action it is unnecessary for us to construe these two sections of the statute, for the reason that the appellee is in no position to assert a lien upon the shares of stock, because it is provided in section 508, Mills' Ann. Stats.:

"It shall be the duty of the directors or trustees of every such corporation, * * * to cause a book to be kept by the secretary or clerk thereof, containing the names of all persons, * * * who are

\* \* \* stockholders of such corporation \* \* \* And no transfer of stock shall be valid for any purpose whatsoever, except to render the person to whom it shall be transferred liable for the debts of the company, according to the provisions of this act, unless it shall have been entered therein, as required by this section, within sixty days from the date of such transfer, by an entry showing to and from whom transferred.''

This provision of the statute deprives the owner of the stock of the right to transfer it in accordance with the known rules of common law. The statute requiring that the shares should be transferred in a directed manner, there must be at least a substantial compliance with the requirements.—*Conway v. John,* 14 Colo. 30.

The language of the statute is explicit, saying that the transfer of the stock shall not be valid for any purpose except to render the transferee liable for the debts of the company, unless it shall have been entered in the stock ledger. If the transfer is invalid for any purpose, of course the transferee obtained no lien upon it, and it is immaterial to him whether or not the alleged lien of the bank is valid or invalid.

As we have seen, the stock was delivered to appellee in May and November, 1891. There was no attempt upon his part to have it transferred to him upon the books of the company for two years, that is, until November 4th, 1893. In the action wherein his judgment was obtained, there was no contention made as to a lien upon this stock, nor does it appear that anything was done in the matter until this petition of intervention was filed in 1900. Appellee contends that he is not bound by the section of the statute requiring the transfer of the stock to be noted upon the books within sixty days, because the cor-

poration had actual knowledge of the transfer to him. He based this declaration upon the fact that Sloane, the debtor and the transferor of the stock, was the cashier, and that the corporation was bound by the knowledge acquired by its cashier.

It may be true that knowledge acquired by a cashier in the performance of his duties, and while engaged in attending to the business of the bank, is notice to the corporation; but a corporation is not bound by acts performed or knowledge acquired by its agent when acting in his own interest, and not for the corporation. If the cashier is acting in his personal capacity, either in dealing with the corporation or in dealing with a third party, the corporation is not bound by any knowledge which he may acquire.—*Franklin Mining Co. v. O'Brien,* 22 Colo. 14; *Sanford Cattle Co. v. Williams,* 18 Colo. App. 378; *Chrystie v. Foster,* 61 Fed. 551; Thompson on Corporations, §§ 5204-5205.

For the reason that appellee failed to make any effort to have this stock transferred on the books of the company within the time required by law, the transfer to him was invalid, as against the corporation. The judgment of the district court must therefore be reversed.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.