[No. 5353.]

[No. 3002 C. A.]

## HURT v. HUBBARD.

1.  **Chattel Mortgage—Conditional Sale—Title Becomes Absolute When.**

    A mortgage of chattels is a conditional sale thereof, whereby the legal title is vested in the mortgagee subject to the right of the mortgagor to perform the conditions imposed by the mortgage; and, upon violation of such conditions, the title of the mortgagee becomes absolute, and he is entitled to take and hold possession of the mortgaged chattels for the purpose of sale, according to the terms of the mortgage, subject to the right of the mortgagor to redeem pending sale.—P. 506.

2.  **Chattel Mortgages—Possession After Default—Trover.**

    Where the assignee of a chattel mortgage takes possession of the chattels after condition broken, the legal title is in him, and trover by the mortgagor will not lie to recover their value; but the latter's remedy is by a bill to redeem, or some appropriate action whereby his interest in the chattels can be protected.— P. 507.

3.  **Same—Defenses.**

    It is a defense to trover, by a mortgagor, for the value of cattle mortgaged, that defendant, subsequent to the action, has purchased the mortgage, and holds the legal title by virtue of a right to possession after default in payment by plaintiff, in accordance with the terms of the mortgage.—P. 507.

4.  **Pleading—Answer—Sufficiency.**

    An answer, from which it appears that plaintiff's cause of action has been extinguished subsequent to the commencement of his suit, states a good defense.—P. 507.

*Appeal from the District Court of Saguache County. Hon. Chas. C. Holbrook, Judge.*

Trover by Alonzo Hubbard against James L. Hurt. From a judgment for plaintiff, defendant appeals.                                    *Reversed.*

Mr. IRA J. BLOOMFIELD, for appellant.

Mr. JAMES P. VEERKAMP, for appellee.

Appellee, plaintiff below, brought an action against appellant, as defendant, to recover from the latter the value of cattle which plaintiff claimed belonged to him, and which, it was alleged, defendant had wrongfully converted to his own use. As a first and separate defense, defendant claimed he held an unsatisfied mortgage on these cattle, executed by one Frank Hubbard, and that he took and held possession of the cattle under that mortgage. By a second and separate defense it is averred, in effect, that plaintiff had executed a mortgage on these cattle to a Mrs. Wilson; that it was unpaid; that by the terms and conditions thereof, the right of plaintiff to the possession of such cattle had terminated; that he, defendant, had purchased such mortgage and the note secured thereby subsequent to the commencement of plaintiff's action, and was now the owner and holder thereof. To this defense a general demurrer was interposed and sustained. A trial on the remaining issues made by the pleadings resulted in a judgment for plaintiff, from which the defendant appeals.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The only question presented for consideration is the sufficiency of the second and separate defense. A mortgage of chattels is a conditional sale thereof, whereby the legal title is vested in the mortgagee subject to the right of the mortgagor to perform the conditions imposed by the mortgage. Upon violation of such conditions the title of the mortgagee becomes absolute, and he is entitled to take and hold possession of the mortgaged chattels for the purpose of sale, according to the terms of the mortgage, subject to the right of the mortgagor to redeem pending

sale.—*Atchison v. Graham*, 14 Colo. 217; *Newman v. People*, 4 Colo. App. 46; *Crocker v. Burns*, 13 Colo. App. 54.

When, therefore, it was made to appear, as it did by the second and separate defense, that the defendant was the owner of the cattle in controversy, and entitled to the possession thereof by virtue of a chattel mortgage thereon executed by the plaintiff, the right of the latter to maintain an action in trover therefor was terminated. His remedy then was by a bill to redeem, or some appropriate action whereby his interest in the cattle could be protected.—*Leapold v. McCartney*, 14 Colo. App. 442; *First National Bank v. Wilbur*, 16 Colo. 316.

Counsel for plaintiff urge that the defense under consideration is insufficient, because it appears that the note and mortgage in question were purchased by defendant subsequent to the commencement of the action against him. In support of this contention, *Gibbs v. Gibbs*, 6 Colo. App. 168, is cited, in which it was held that in an action on a money demand, a defendant cannot interpose as a defense, by way of set-off against plaintiff's cause of action, claims purchased subsequent to the time such action was commenced. But that is not this case. Defendant does not plead the Wilson note and mortgage as a set-off against plaintiff's claim, but as a bar to his action. According to the facts stated in the second defense, plaintiff's cause of action no longer exists, because he has been divested of all right, title and interest in the subject-matter in controversy, save his equity of redemption. That cannot be settled in an action in trover. An answer, from which it appears that plaintiff's cause of action has been extinguished subsequent to the commencement of his suit, states a good defense.—*Drought v. Curtiss*, 8 How. Pr. (N. Y.) 56; *Bolander v. Gentry*, 36 Cal. 105.

The judgment of the district court is reversed and the cause remanded, with directions to overrule the demurrer to the second and separate defense, and for such further proceedings as may be proper.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.