[No. 6199.]

### SHIRES v. ALLEN, ADMINISTRATOR.

1. **Corporations—Transfer of Stock — Failure to Register—** The transfer of corporate stock binds the administrator of the assignor, even though not registered as required by the statute (Mills' Stats., sec. 508; Rev. Stats., sec. 870).—(441)

2. **Statutes Construed—**A statute declaring that a transfer of corporate stock not registered in the books of the corporation shall not "be valid for any purpose whatever, except to render the person to whom it shall be transferred liable for the debts of the corporation" does not invalidate the transfer as to the assignor or his personal representative.—(441, 442)

*Appeal from Boulder District Court* — Hon. CHRISTIAN A. BENNETT, Judge.

Messrs. YOUNG & LUETHI, for appellant.

Mr. J. T. ATWOOD, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This action was to recover possession of a certificate of capital stock of a ditch corporation, or its value, in case delivery of the stock could not be had. Plaintiff claims it as the administrator of his deceased wife's estate, defendant by transfer from her during her lifetime. The court found for plaintiff and made a decree accordingly. Upon this appeal the only question necessary to be considered, is the meaning of sec. 870, Rev. Stats. 1908, sec. 508, 1 Mills' Ann. Stats., which provides that "no transfer of stock shall be valid for any purpose whatever

except to render the person to whom it shall be transferred, liable for the debts of the company according to the provisions of this act, unless it shall have been entered, therein, as required by this section, within sixty days from the date of such transfer, by an entry showing to and from whom transferred." The trial court, sitting as a jury, found that the certificate of stock in question was transferred and delivered to defendant by plaintiff's wife during her lifetime, but has never been entered on the company's books. The administrator has only such rights as his intestate would have were she alive and a party to the action. If the transfer was good as between her and defendant, it is good as between defendant and her representative.

This statute was up for consideration in *Conway v. John,* 14 Colo. 30, and it was held that, as between an attaching creditor and the transferree of such stock, the transfer was absolutely void, unless entered within sixty days from the date of the transfer by the proper entry in the books of the company. In *First National Bank v. Hastings,* 7 Col. App. 129, the controversy was between an assignee of stock who had not secured its transfer on the company's books, and an attaching creditor. The rights of the latter were held superior. In *Pueblo Savings Bank v. Richardson,* 39 Colo. 319, where the conflicting rights were those of the corporation issuing the stock, which claimed a statutory lien thereon as against the registered assignor, and the assignee who neglected to have the transfer registered, the transfer was said to be invalid as against the corporation. Our cases are uniform in so holding. It was upon the authority of the *Hastings case* that the trial court gave judgment for plaintiff. Its effect was misconceived. Our court of appeals, *Richardson et al. v. The Longmont Supply Ditch Company,* 19 Col. App. 483, and

this court, *Equitable Securities Company v. Johnson,* 36 Colo. 377, have decided that, as between a transferrer and a transferree, the assignment of a certificate of stock conveys title, though 'the transfer is not made or entered upon the books of the company as this statute requires. Such seems to be the ruling in the courts of other states, where a similar statute, or charter, or by-law of an incorporated company exists.- Such requirements are held not to prevent the vesting of title as between the transferrer and transferree, though it is otherwise where the conflicting rights of creditors or subsequent purchasers, or the issuing corporation itself, are involved.—2 Cook on Corporations, § 380; 3 Clark and Marshall on Private Corporations, § 583, 10 Cyc. 598.

Notwithstanding these authorities, plaintiff contends that though the statute was construed in the two Colorado cases as not preventing the passing of title to a transferree when the question was between him and the transferrer, the decision was purely *obiter,* as the question decided was not involved. The question was involved and the decision of the point was rendered necessary by the facts of those cases. The administrator may not recover, against his intestate's transferree, the possession of this stock. . The judgment of the district court, being contrary to our view of the law, must be reversed and the case remanded with instructions to dismiss the action.                    *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.