# WESTERN NEWSPAPER UNION v. THURMOND.

### No. 608.   Opinion Filed September 21, 1910.

#### (111 Pac. 204.)

1. EXECUTORS AND ADMINISTRATORS—Possession of Mortgaged Personalty—Replevin. Where a chattel mortgage provided that, on condition broken, the mortgagee might take possession of the property; on refusal to yield possession, replevin will lie against the administrator of the mortgagor.

2. EXECUTORS AND ADMINISTRATORS—Carrying on Business of Deceased—Liability of Administrator. Where an administrator, without authority of law, carries on the business for the deceased, he is chargeable with all the losses thereby incurred.

(Syllabus by the Court.)

*Error from District Court, Beckham County; G. A. Brown, Judge.*

Action by the Western Newspaper Union against E. K. Thurmond. Judgment for defendant, and plaintiff brings error. Reversed and rendered.

*R. N. McConnell,* for plaintiff in error.—Citing *Mathew v. Mathew* (Cal.) 71 Pac. 344, and *Campbell v. Faxon* (Kan.) 85 Pac. 761.

TURNER, J. This is an action in replevin, brought by plaintiff in error against E. K. Thurmond, administrator, defendant in error, in the district court of Beckham county, to recover possession of certain presses, engines, and other printing material and supplies, the printing plant of the "Sayre Journal." The cause was tried to the court. In making a *prima facie* case, plaintiff, among other things, introduced in evidence a chattel mortgage covering said property to secure the payment of 23 promissory notes, aggregating $1,061.87, 21 of which were past due and unpaid, made, executed, and delivered to plaintiff on April 1, 1907, by W. V. Stovall, deceased, the former editor of the paper, who died owner and in possession of said property. Plaintiff claimed a special ownership in said property by virtue of said chattel mortgage. To maintain the issues on his part defendant proved himself to be administrator of said Stovall; that at the time of his death said Stovall owed said mortgage debt and an unsecured debt of $200 due the First National Bank of Sayre, of which defendant was the representative; that for the purpose of assisting defendant in the collection of said debt, and to keep the plant from depreciating in value, said Thurmond, as administrator, with the consent of plaintiff, continued to carry on the business in which deceased was engaged at the time of his death, and thereby incurred a loss in the shape of outstanding indebtedness of $646.23. On this testimony the court found defendant to be in lawful possession of the property, entitled to retain the same and to a lien thereon for said expense incurred in running the plant, which said lien the court declared to be superior to that of

plaintiff under his mortgage, and gave judgment for defendant and taxed plaintiff with the cost.

Plaintiff brings the case here, and assigns for error that the judgment is contrary to law. We concur. The authority to carry on the business in which the deceased was engaged at the time of his death did not pass to his administrator by law. *Eufaula Nat. Bank v. Manassas,* 124 Ala. 379, 27 South. 258; *City of Foxworth v. White,* 72 Ala. 224; *State v. Knox,* 10 Ala. 608. Or, as stated by the court in *Campbell v. Faxon, Horton & Gallagher,* 73 Kan. 675, 85 Pac. 760, 5 L. R. A. (N. S.) 1002, quoting approvingly from 18 Cyc. 241:

"The general rule is that neither an executor nor an administrator is justified in placing or leaving estates in trade, for this is a hazardous use to permit of trust moneys, and trading lies outside the scope of administrative functions. So great a breach of trust is it for the representative to engage in business with the funds of the estate that the law charges him with all the losses thereby incurred, without, on the other hand, allowing him to receive the benefit of any profits that he may make; the rule being that the persons beneficially interested in the estate may either hold the representative liable for the amount so used, with interest, or, at their election, take all their profits which the representative has made by such unauthorized use of the funds of the estate" —citing *Willis v. Sharp,* 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493; *Lucht v. Behrens,* 28 Ohio St. 231, 22 Am. Rep. 378; Williams on Executors (7th Ed.) 791; Schooler's Executors and Administrators, § 325; 11 A. & E. Ency. of L. 974.

As, by virtue of the terms of the mortgage on condition broken the mortgagee had a right to the possession of the mortgaged property (*Mathew v. Mathew,* 138 Cal. 334, 71 Pac. 344), the judgment is contrary to law, and is therefore reversed and rendered.

All the Justices concur.