## No. 8921.

### CARLTON v. CAMFIELD ET AL.

1. EXECUTORS AND ADMINISTRATORS—*Rights and Authority.* The estate of a decedent is not, in any practical sense, in the custody of the law. The executor has no greater right than the testator had in his life time. Pledge of shares in a corporation by testator, not registered within the statutory limit. The objection of the executor to its registration, is without effect.

2. CORPORATE STOCK—*Transfer—Registration.* Sec. 870 of the Revised Statutes does not provide for a public record. Creditors of a stock holder are entitled to information as to the shares standing in his name only upon having instituted an action, and becoming entitled to a levy upon the debtor's holdings, under Rev. Stat. 3618, 3619.

The holder of an unregistered transfer has an equitable title, which the corporation is bound to recognize and complete by registration, even after the statutory limit, when the transferee presents himself before any levy attempted under secs. 3618, 3619.

*Error to Weld County Court, Hon. Herbert M. Baker, Judge. En banc.*

Mr. JOHN T. JACOBS, for plaintiff in error.

Mr. CHARLES F. TEW, Mr. WALTER E. BLISS, for defendants in error.

Mr. N. WALTER DIXON, Mr. THOMAS J. DIXON, *amici curiae.*

Opinion by Mr. Justice Teller:

THIS cause comes before us on error to the County Court, which disallowed the claim of plaintiff in error as a secured claim against the estate of D. A. Camfield, deceased. There is no dispute as to the facts, the matter having been heard upon a stipulation, or agreed case. It appears that, on Feb-

ruary 10, 1912, D. A. Camfield became personally liable on a promissory note, to secure which he delivered to the payee of said note certificates for 100 shares of stock in the Farmers Bank and Trust Company of Greeley, Colorado, on which certificates was indorsed an assignment thereof, in blank, with power of attorney to transfer said shares; that within sixty days thereafter the plaintiff in error became the holder and owner of said note, and the holder of said stock certificates; that no note of said pledge was made, or attempted to be made, on the books of said company within the sixty days allowed therefor by section 870, R. S. 1908; that on the 9th day of November, 1914, said D. A. Camfield departed this life, and thereafter defendants in error, John A. Camfield and Lottie A. Camfield, duly qualified as executors of the last will and testament of said decedent; that on October 9, 1915, the plaintiff in error made demand upon said company that a memorandum of said pledge, as required by said statute, be made on its books; that said demand was refused; that the refusal of said company to note on its books said memorandum was not requested by any creditor of the estate of said decedent, but was requested by the said executors; that said estate is insolvent; and that no attempt has been made by any creditor of said estate to levy upon or attach said shares of stock.

It further appears that defendant in error, the Union National Bank, having an allowed unsecured claim against said estate, was permitted to intervene, and object to the granting of plaintiff in error's petition for leave to sell said pledged shares, the attorneys for said executors appearing also for said intervenor.

For plaintiff in error it is urged that the executors have no right to act for creditors of an estate in bringing about an intervention, as in this case; while the executors contend that they were but performing a duty to protect the estate in the interest of all the creditors. In the view we take of the case, it is unnecessary to determine the question thus raised.

That part of section 870, R. S. 1908, which provides for noting pledges of stock reads as follows:

"And any and every such stockholder, creditor or representative shall have a right to make extracts from such books, and no transfer of stock shall be valid for any purpose whatever except to render the person to whom it shall be transferred liable for the debts of the company according to the provisions of this act, unless it shall have been entered therein, as required by this section, within sixty days from date of such transfer, by entry showing to and from whom transferred; or, in case of the pledge of any stock, a memorandum be made upon the books of said company, showing to whom and for what amount the stock was pledged.

It is conceded that under this statute an unregistered transfer of shares is valid as between the transferrer and the transferee; also, that it is not valid as against attaching or execution creditors, unless the transferee has done all in his power to procure the registration of the transfer.

The question here presented is as to the validity of an unregistered transfer of shares as against creditors of an insolvent estate, whose claims have been allowed, before an attempt was made to register such transfer.

The position of defendants in error is that, upon the appointment of the executors, the estate was taken into the custody of the court for the benefit of creditors.

It can not be said, however, that the executors had any rights which their testator did not have at the time of his death. Since he could not have recovered possession of the certificates without paying the debt, they can not do so. They stand in his shoes, and are bound by the transfer. *Shires v. Allen,* 47 Colo. 440, 107 Pac. 1072. Clearly, then, these shares were not in *custodia legis* in any practical sense. The pledgee's rights were not changed by the death of the pledgor, and the executors had only the right to redeem the shares, or to receive any surplus that there might be on their sale as a pledge.

If, then, the pledgee could have had the registry made, after the sixty days, while Camfield was living, he could do it also after Camfield's death. Counsel cite cases holding an unregistered transfer void as against creditors of the transferrer, and assume that the term "creditor" includes all persons to whom debts are owing. An examination of the cases shows that in every instance the court was dealing with a *lien* creditor.

Our statutes do not, by express provision, make an allowed claim a lien; and no authority is cited to show that it is ever so considered in the absence of a statute to that effect.

We find in the statute under consideration nothing which indicates that it was intended for the protection of a creditor who has no lien.

One purpose of the statute is evident when it is considered with sections 3618 and 3619, R. S. 1908. The first named section requires officers of a corporation to furnish an attaching officer a certificate showing the number of shares owned by the debtor; and it would be of little effect if transfers were not recorded so as to show the ownership. The next section authorizes a levy on shares standing in the name of the defendant in an action, and prescribes the method therefor. Without a requirement that the transfer be recorded, these sections might have no practical effect, since a levy might prove to have been made on shares already transferred.

It should be observed that section 870 does not provide for a record which is to be public, and so operate as a notice to the world. The right to inspect the transfer record is given only to stockholders, and creditors of the *corporation.* It gives no information to creditors of a stockholder, and they can ascertain from it what, if any, shares a debtor owns, only when they have begun litigation and become entitled to levy on or attach the property of their debtor. The record seems, therefore, not intended for the benefit of simple creditors, but of litigants who are taking steps to collect their debts. Such records are not public unless the

statute obliges the corporation to expose them to public inspection. 2 Thompson, Corporations, sec. 2411. In *Thurber v. Crump*, 86 Ky. 408, 6 S. W. 145, it was held that a statute which made a transfer of shares invalid if not entered on the books of the corporation was for the protection of the corporation and purchasers, and that it did "not operate as a registration law in the interest of creditors of stockholders, for the reason that the books of the company are not required to be kept open for the inspection of the public."

In *N. Y. & N. H. R. R. Co. v. Schuyler*, 34 N. Y. 30, it is held that a transferee of shares not transferred on the corporation books has full title as against the transferrer, but only an equitable title as against the corporation; which title, however, the corporation is bound to recognize, and permit to be ripened into a legal title, when the transferee presents himself, before any effective transfer on the books has been made, to do the acts required by the charter or by-laws in order to make a transfer.

The case further holds that a corporation is liable in damages to the transferee of an unregistered certificate if, with knowledge of such transfer, it issues certificates to a subsequent purchaser from the original transferrer.

Under this authority the Trust Company was bound to make the requested record of the pledge of the shares in question.

We are of the opinion that creditors without liens have no standing to protest the registry of transfers or pledges of shares. Plaintiff in error had done all in his power to secure the registry of the stock pledged to him, and his rights were the same as if the registry had been made. *Weber v. Bullock*, 19 Colo. 214, 35 Pac. 183. He was, therefore, entitled to have his claim allowed as a secured claim.

The judgment is reversed, and the cause remanded for further proceedings in harmony with the views above expressed.

Judgment reversed.

Mr. Justice White not participating.