Argued February 10, affirmed June 29, costs retaxed July 30, 1926.

# J. W. SHAFFORD et al. *v.* LUCY MAE REED, Admx.

## (247 Pac. 324.)

**Executors and Administrators.**

1. Failure of executor or administrator to administer estate entrusted to his administration is ground for removal.

**Executors and Administrators—Final Account of Administratrix Held not Chargeable With Amount She Failed to Collect Where She Exercised Due Diligence in Endeavoring to Do so.**

2. Final account of administratrix *held* not chargeable with amount she failed to collect, where she exercised due diligence in endeavoring to collect same, and debtors were dunned personally and by letter, and some suits were instituted, but collection could not be made, and accounts were turned over by administratrix for her successor.

**Executors and Administrators.**

3. Administratrix *held* not chargeable with general expenses of conducting garage business of decedent, where it did not appear whether creditors would lose anything in the end and they stood by and permitted her to speculate while she was hoping property could be disposed of as a going concern.

**Executors and Administrators—Inventories and Appraisements Filed by Administratrix and Successor Held not Competent Evidence of Value of Property of Estate.**

4. Inventories and appraisements filed by administratrix and her successor, made for purpose of a basis for fixing amount of administratrix's undertaking, *held* not competent evidence of value of property of estate.

**Executors and Administrators—Generally Personal Representative of Deceased Who Carries on Business Belonging to His Estate is Answerable for Profits and Losses of Business Venture.**

5. Generally a personal representative of a deceased person, who carries on business belonging to his estate in absence of statutory or testamentary authority or power conferred by articles of copartnership in case of a partnership estate, is answerable for profits, if any, and also for losses of business venture.

---

1. See 11 R. C. L. 97.
2. See 11 R. C. L. 133.
5. See 11 R. C. L. 136.

Executors and Administrators, 23 C. J., p. 1111, n. 84, p. 1166, n. 72, p. 1203, n. 67; 24 C. J., p. 56, n. 50, p. 57, n. 59, p. 966, n. 2.

From Clackamas: JAMES U. CAMPBELL, Judge.

AFFIRMED.    COSTS RETAXED.

For appellants there was a brief and oral argument by *Mr. H. S. McCutchan.*

For respondent there was a brief and oral argument by *Mr. O. D. Eby.*

BEAN, J.—On the twelfth day of March, 1921, J. W. Reed and Earl Shibley were copartners conducting a garage and plumbing business at Estacada, Oregon, under the firm name and style of Reed & Shibley. On that date the said J. W. Reed died intestate. Thereafter, Lucy Mae Reed was duly appointed and qualified as administratrix of the individual estate of J. W. Reed, and of the partnership estate of said Reed & Shibley, and continued so to act until on or about the sixth day of June, 1922, at which time, upon petition of appellants and some other creditors, a citation was made returnable by the county judge requiring the administratrix to show cause, if any, why she should not be removed as administratrix of the estate of Reed & Shibley. Thereafter at the hearing of said proceedings the administratrix was permitted to file her resignation, which was duly accepted by the County Court and her successor, H. C. Stevens, was appointed and qualified. On the seventeenth day of June, 1922, said administratrix filed her final account in the County Court of the State of Oregon for Clackamas County.

The appellants filed objections to several items of the final account ranging in amounts from two or

three dollars to $7,653.83. A hearing was had on the objections and testimony was taken before the County Court with the result that the final account was approved. At the time H. C. Stevens qualified as administrator of the partnership estate of Reed and Shibley. The administratrix filed a supplemental report in connection with her final account. Several objectors appealed to the Circuit Court, where the cause was tried upon the testimony taken in the County Court, and a decree rendered affirming the order of the County Court approving the final account. From the decree of the Circuit Court the parties objecting appealed to this court.

Shortly after her appointment as administrator, Mrs. Lucy Mae Reed purchased the interest of Earl Shibley, the copartner, and then became the owner of an undivided one-half interest in the partnership estate property. The partnership estate only is directly involved in this proceeding.

After the appointment of Mrs. Reed as administratrix of the partnership estate, with the approval of an order of the County Court she continued the garage business of the partnership and bought and sold merchandise. The amount of merchandise purchased was $7,653.83, which is the largest item in her final account to which objection is made. After the administratrix qualified, an inventory and appraisement of the property of the estate was filed showing real property valued at $1,325, cash and other personal property $17,118.55; total, $18,443.55. This appraisement is probably largely in excess of the value of the property. Claims against the estate were allowed in the sum of $7,829.33, besides notes indorsed by Reed and Shibley upon which their liability as indorsers amounted to $1,320.

The appellants are creditors of the partnership estate. This estate was not administered according to the statute by a sale of the necessary amount of property to pay the claims against the estate and the expense of administration, and settlement of the estate within six months or such further time as the court might allow, but the garage business was continued pursuant to an order of the probate court and speculation entered upon by the administratrix. She reported as received from current sales, $12,659.73. The objections are really founded upon such proceedings. An order was made by the County Court authorizing the sale of the personal property of the estate. There was a want of a buyer.

1. The administration of an estate under the statute is for the purpose of marshaling the assets of the estate and the prompt payment of the debts, also a prompt distribution of the remaining assets to those entitled to them. If an executor or administrator fails to so administer an estate entrusted to his administration, such failure is ground for removal of such official. See *In re S. Marks & Company's Estate,* 66 Or. 340 (133 Pac. 777), as stated by Mr. Justice EAKIN in the opinion in that case as shown on page 345. Accidentally the property of the estate appreciated in value but it was held that was no excuse. It, however, avoided a loss.

In the present case, although the administration had not continued nearly as long as in Marks & Company Estate, there appears to have been no objection on the part of the creditors for over a year when a change in the administration was accomplished.

By a reference to the case of *Roach's Estate,* 50 Or. 179 (92 Pac. 118), we find that where an executor

negligently made an investment of the funds of the estate without authority of law, and without an order of the probate court, and a loss occurred to the estate, the executor was held personally liable for the loss.

In the present case all of the proceedings of the administratrix were reported to the County Court including the new business transacted after the death of Mr. Reed. It does not appear that there was any dishonest or unfair dealing in the matter. The condition of the property as far as disclosed appears to be about the same as at the beginning of the administration.

2. The appellants assign error in the failure of the Circuit Court to surcharge the final account of the administratrix with certain amounts due the estate for failure to collect the same. It is shown by the testimony that the administratrix exercised due diligence in endeavoring to collect the accounts. The debtors were dunned personally and by letter. Some suits were instituted and costs incurred but still collection could not then be made. The accounts were turned over by the administratix for her successor. There is no error in this respect.

3. The appellants assign error in allowing the administratrix credit for the various sums paid in the purchase of oil, gasoline and other merchandise, and for the general expenses of conducting the garage business. Whether there was a net loss in the business or whether the creditors will lose anything in the end, or how much, if anything, does not appear. There was no attempt to show the net result of the business venture. The objections showed enough to warrant the removal of the administratrix and that in effect has been done. The creditors, as far as ap-

pears, stood by and permitted the administratrix to speculate while she was hoping the property could be disposed of as a going concern. They should not equitably be allowed to compel the administratrix to be charged with a loss, unless they are or will be injured, or the property of the estate depreciated: *Western Newspaper Union* v. *Thurmond*, 27 Okl. 261 (111 Pac. 204, Ann. Cas. 1912B, 727); *In re Estate of Delaney*, 41 Nev. 384 (171 Pac. 383, L. R. A. 1918D, 1025); *Roach's Estate, supra.*

4. Appellants claim that the two inventories and appraisements, one filed by the administratrix and one by her successor, show that there will be insufficient assets to liquidate the liabilities of the estate. Neither of such appraisements is competent evidence of the value of the property of the estate. They are made for the purpose of a basis for fixing the amount of the administratrix's undertaking. No evidence was introduced to show the value of the assets and property of the estate. The objection cannot be made available in the present state of the record. The County Court found that the estate was solvent. The appellants claim one transaction resulted in a loss to the estate in the sum of $300. They aver that the administratrix released security upon a certain truck. The County Court authorized the release of the security or "equity" in an old truck upon the payment of the sum of $300, as it was alleged the interest in the old truck was not worth more than $250. There are statutes in a number of states permitting the personal representative of a deceased person to continue the business belonging to his estate. See note, 40 L. R. A. (N. S.) 201 et seq. At page 210 we find:

"In *Fleming* v. *Kelly,* 18 Colo. App. 23 (69 Pac. 272), it is held that among the incidental powers of county courts by virtue of their express power to regulate and control the settlement of estates is the power, in a proper case, to order the continuance of the business by the administrator temporarily, at least, so as to dispose of stock on hand to the best advantage; and in such cases the purchase of some goods may be necessary for the purpose of aiding in the sale of the goods on hand.

"And such power is apparently assumed in *Gordon-Tiger Min. & Reduction Co.* v. *Loomer,* 50 Colo. 409 (115 Pac. 717)."

At page 223 we read in the same note:

"It was said in *Merrit* v. *Merrit,* 62 Mo. 150, that an executor who carries on a trade of the testator by a decree of a court of chancery is not answerable for losses sustained.

"The selling by an administrator of a stock of goods at private sales at retail, according to the ordinary course of merchandising, under the orders of the court, though not a regular proceeding by law, is not fraudulent *per se,* but any resulting loss to the estate will authorize an inquiry into the *bona fides* of the transaction. *McLeod* v. *Griffis,* 45 Ark. 505."

5. The general rule appears to be that a personal representative of a deceased person, who carries on the business belonging to his estate, in the absence of statutory or testamentary authority, or power conferred by articles of copartnership, in case of a partnership estate, is answerable for the profits, if any, and also for the losses of the business venture.

We have examined other assignments of error relating to various items of the final account, and irregularities, but find no reversible error. The facts of the case were found by the County Court and again by the Circuit Court. As stated by counsel

for appellants in their briefs, the only question involved is one of law.

Mrs. Reed will be entitled to three fourths of the property of the estate after the payment of the claims. The heirs are not making any complaints.

There were many legal mistakes made in the administration of the estate by the administratrix, but the record does not show that the appellants were or are likely to be damaged thereby.

The decree of the Circuit Court is affirmed.

AFFIRMED.  COSTS RETAXED.

McBRIDE, C. J., and BROWN and BELT, JJ., concur.