## No. 12,424.

## McCormick, Administrator, v. First National Bank of Mead.

(299 Pac. 7)

Decided May 4, 1931.   Rehearing denied May 25, 1931.

Mr. L. C. Brodbeck, for plaintiff in error.

Mr. E. T. Snyder, Mr. Walter E. Bliss, Mr. William H. Scofield, Mr. Cass M. Herrington, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

This action by plaintiff McCormick as administrator of the estate of William J. Howlett, deceased, against the First National Bank of Mead, Colorado, has for its object the recovery of a money judgment against the bank for damages which plaintiff says were suffered by the estate by reason of the conversion by the bank of its personal property. Howlett, during his lifetime, on May 1, 1923, borrowed of the bank $1,500, giving his promissory note therefor, payable to the bank November 15, 1923. He secured its payment by chattel mortgage on his livestock, wagons, plows and various other chattels used by him in his farming operations. The form of this instrument is one that is in common use in this state. It provided, among other things, that until default is made by the mortgagor in the performance of the conditions of the mortgage, he may retain possession of the mortgaged property and use the same, but in case default is made in the payment of the secured note, or if he fails to give the chattels proper care and treatment,

or should in any manner, in the judgment of the mortgagee, impair the value or usefulness thereof, or in case the mortgagee at any time during the existence of the mortgage deems itself unsafe or insecure in the mortgage lien upon the mortgaged chattels, then it may take immediate and full possession thereof and sell the same at public or private sale as it may deem best, for the best price it can obtain, and out of the proceeds of the sale pay the note, rendering and paying all surplus, if any, to the mortgagor.

On November 15, 1923, three days before Howlett's death, the mortgage note became due, but no part of it was paid. Thereafter on December 26, 1923, more than one month after Howlett's death, the defendant mortgagee, feeling insecure and unsafe in its mortgage lien, and during the existence of the mortgage, took possession of the mortgaged chattels and afterwards in January, 1924, at a public sale duly advertised to be held on the Howlett farm, caused the mortgaged goods to be sold for an amount not quite sufficient to pay the mortgage debt, but no claim is made here by the mortgagee for any balance due thereon. Howlett's widow was present at the time of the sale and made no protest or objection thereto. The defendant claims, among other things, that proper care was not being taken of the mortgaged goods and there was no one in charge at the farm where they were who was capable of taking care of them and their value was being impaired and its only recourse was to take possession and make the sale, as it did.

No proceedings were begun until December 13, 1924, more than one year after Howlett's death, to probate his estate. The record does not disclose the time when this action by the administrator was begun or when the original complaint was filed. An amended complaint was filed June 17, 1927, about three and one-half years after Howlett's death. The plaintiff filed various motions and demurrers, general and special, to the answer and amended answer, which the court overruled, and upon

issues of fact joined by the amended answer and replication, trial was had and at the close of plaintiff's testimony the court granted the defendant's motion for a nonsuit and dismissed the action.

Our examination of the record satisfies us that no prejudicial error was committed by the trial court in its adverse rulings against the plaintiff on the various motions and demurrers which he filed attacking the answer and amended answer. Neither was any prejudicial error committed in its rulings during the course of the trial in the admission or rejection of evidence. But if there were some questionable rulings in these particulars, the plaintiff in no event was entitled to recovery upon the cause of action stated in his complaint.

The action is confessedly one in conversion of chattel property. In 38 Cyc., p. 2044, the author, among other things, says: "An unbroken line of authorities establishes the rule that trover cannot be maintained by one who has neither title nor right of possession." Trover was the common law remedy for conversion of chattel property. While our Code of Civil Procedure has abolished the distinct forms of actions and suits heretofore existing, and has but one form of civil action for the enforcement or protection of private rights and redress of private wrongs, nevertheless the substantive law of conversion of chattels exists in Colorado and is to be found in the principles of the common law, which we have adopted as the rule of decision in this state. The author of the article in Cyc. above referred to further says: "He who seeks to recover in trover must prove that he was in actual possession of the chattel converted at the time of conversion, or that he had the right of immediate possession thereof, and if such right of immediate possession depends on a property in the chattel, either general or special, he must also prove such property in himself as a fact." Even if the plaintiff in trover has title to, or a right of property in, a chattel, this will not alone support an action in trover. It must be united

with actual possession or a right of immediate possession. Tested by these rules just stated, let us see if the plaintiff in this action has brought himself within the requirements.

The administrator has only the rights in the mortgaged property that Howlett, when living, had. This property was subject to a valid chattel mortgage to the bank as mortgagee. The note which the mortgage secured became due and payable on November 15, 1923, three days before Howlett's death. By the terms of the mortgage itself, under our own decisions, the legal title to the chattels was, as the result of the chattel mortgage, vested in the mortgagee bank, though they were rightfully and until default, in the physical possession of the mortgagor. When the note was not paid, a default occurred whereby the right of possession by the terms of the mortgage became forfeited to, and vested in, the mortgagee. The defendant bank, having the legal title under the chattel mortgage from the beginning, and an additional right to possession of the mortgaged chattels upon default of the mortgagor to pay, acquired the full ownership and had the exclusive right of possession to the mortgaged goods, subject only to the right of the mortgagor, or his legal representative, to the right of redemption or for an accounting of the proceeds of the mortgaged property. This was the only right of the mortgagor or his legal representative and the only interest the estate had in the chattel property covered by the mortgage. A mortgage of chattels under our statute is a conditional sale. The legal title to the mortgaged property vests in the mortgagee, subject, of course, to the right of the mortgagor to perform the conditions of the mortgage, and until default the mortgagor has the unquestioned right to perform and reinvest himself with the legal title; but when the conditions are broken the legal title becomes absolute in the mortgagee, though, as stated, an equity remains in the mortgagor which entitles him to any surplus upon the sale, if the mortgagee

chooses to foreclose, and even though by the terms of the mortgage possession continues in the mortgagor until default, nevertheless, upon default, the mortgagee may at once take the property from him. *Newman v. People,* 4 Colo. App. 46, 50, 34 Pac. 1006; *Crocker v. Burns,* 13 Colo. App. 54, 56, 56 Pac. 199; *Fischback v. Garrison Co.,* 20 Colo. App. 448, 451, 79 Pac. 749; *Sorrells v. Sigel-Campion Co.,* 27 Colo. App. 154, 166, 168, 148 Pac. 279; *Hurt v. Hubbard,* 41 Colo. 505, 506, 92 Pac. 908 .

In the Hurt case, supra, the action was by the mortgagor in trover against the mortgagee, as here, and the complaint alleged, as here, a wrongful conversion by the defendant mortgagee. The latter answered that he took and held possession of the property under a chattel mortgage that was overdue, and unpaid, and by the terms and conditions of the mortgage the right of plaintiff to possession of the property had terminated. The lower court deemed this answer not good, but this court, speaking by Mr. Justice Gabbert, in reversing the decision of the district court, said: ''The only question presented for consideration is the sufficiency of the second and separate defense. A mortgage of chattels is a conditional sale thereof, whereby the legal title is vested in the mortgagee subject to the right of the mortgagor to perform the conditions imposed by the mortgage. Upon violation of such conditions the title of the mortgagee becomes absolute, and he is entitled to take and hold possession of the mortgaged chattels for the purpose of sale, according to the terms of the mortgage, subject to the right of the mortgagor to redeem pending sale.''

It will thus be seen according to this decision that when there was a default by the mortgagor in this case or his administrator in the payment of the mortgage debt and the interest, the mortgagee was entitled to take and hold possession of the mortgaged chattels for purposes of sale, subject, as was said, to the right of the mortgagor to redeem preceding the sale. In the mortgage now before us there was a provision that in case of de-

fault the mortgagee might take possession and sell the property. In such a case he may do so. 11 C. J., p. 559, §256, and cases cited. On condition broken the title of the mortgagee, theretofore conditional, becomes absolute, and the right of the mortgagee to take possession on condition broken carries with it the right of entry to take possession. *Fulton Inv. Co. v. Fraser,* 76 Colo. 125, 128, 129, 230 Pac. 600; *Metzler v. James,* 12 Colo. 322, 330, 19 Pac. 885.

In the Metzler case we held that a mortgagee in possession, after forfeiture, is possessed of the absolute legal title and the mortgagor has no other interest than the equitable right to redeem, or an equitable action in a proper case for an accounting to ascertain the surplus, if any.

In the Hurt case, supra, it was said that the mortgagor's remedy in such a case, and of course this equally applies to the administrator of the mortgagor, is the equity of redemption. See also Jones on Chattel Mortgages, §§435, 436; *Horn v. Reitler,* 12 Colo. 310, 315, 20 Pac. 769, 21 Pac. 186. In *Shires v. Allen,* 47 Colo. 440, 441, 107 Pac. 1072, which was an action by the plaintiff as administrator, to recover possession of certain certificates of capital stock which were pledged by the owner as against the pledgee, the court said: "The administrator has only such rights as his intestate would have were she alive and a party to the action." To the same effect is *Carlton v. Camfield,* 64 Colo. 373, 375, 171 Pac. 1140, where we said that an executor or administrator has only such rights as the testator had at the time of his death. The administrator stands in his shoes and has only the right to redeem or receive any surplus that there may be on the sale of the pledged property. *Purdin v. Archer,* 4 S. D. 54, 54 Pac. 1043; *Mathew v. Mathew,* 138 Cal. 334, 71 Pac. 359; *Western Newspaper Union v. Thurmond,* 27 Okla. 261, 111 Pac. 204.

The administrator, however, indulges in an extended argument based upon section 5344, C. L. 1921,

which provides that no mortgage upon any property, real or personal, owned by any person at the date of his death shall be foreclosed otherwise than by suit, if letters of administration issue within one year from such death, only by permission of the county court, which permission shall not be granted until such claim shall have first been proven and allowed. The administrator relies upon *Lewis v. Hamilton*, 26 Colo. 263, 58 Pac. 196, and other like cases, for his contention that a foreclosure, after the death of the mortgagor without the debt having been proved and allowed in the county court having charge of the estate, is void. The provision of section 5344 is inapplicable here because letters of administration in this case did not issue within one year from the death of Howlett. Howlett died November 18, 1923. Letters of administration were not issued in this case until December 13, 1924, more than one year after his death. The case of *Lewis v. Hamilton, supra,* was one that involved a foreclosure sale of real estate, not of personal property. Section 261 of our Code of Civil Procedure, §281, C. L. 1921, which was in force at that time, provides that a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without foreclosure and sale. That of itself distinguishes the Lewis case from the one at bar. The court, however, in the Lewis case based its decision in part upon the failure of the mortgagee to have his claim proved and allowed by the county court within the time provided by law.

To sum up. Howlett, who was the owner of this property and gave the mortgage in question, had neither the title to, nor the right of possession of, the mortgaged property at the time of his death. Three days before he died the mortgage debt became due and payable and was not paid by him. The legal title to the chattels in dispute had been in the mortgagee bank from the day the mortgage was given. Three days before Howlett's death,

upon his default in paying the mortgage debt, the right of possession immediately passed to, and became vested in, the mortgagee bank. Howlett having neither title nor the right to possession, had he lived, could not have recovered possession of the chattel property. The only right he had therein was, as already stated, the equitable right of redemption or for an accounting. McCormick, as the administrator, had no further or greater right. As this action is one in conversion, the plaintiff to recover must at least show either title in himself, as administrator, or the right to immediate possession of the property, neither of which was established. Whether the administrator now has the equitable right to redeem or maintain an action for an accounting is not a question before us. What we decide here is that the administrator had neither title to, nor right of possession of, the mortgaged chattels and could not in any event recover in the present action.

We merely add what probably should have been said earlier, that the assertion of the plaintiff that he, himself, has a prior, valid and existing mortgage upon this property, superior to that of the defendant bank, is not a question that is properly before us. He, as administrator of the estate, cannot be heard in this action to assert, as against the defendant, a prior lien which he, himself, as an individual, says he has in this mortgaged property.

For the reasons above given the judgment must be, and it is, affirmed.

Mr. Chief Justice Adams, Mr. Justice Alter and Mr. Justice Hilliard concur.