### LYMAN RAWSON *versus* GILMAN TUEL.

TROVER for the conversion of a yoke of oxen. It appears from the agreed statement of facts, that the defendant had the oxen of one *Frye.*

*The plaintiff* testified, that, on the 17th day of January, 1854, said Frye agreed to purchase the oxen of him for eighty-five dollars; that he gave to him a negotiable note for that sum, payable in six months, with interest, and in the note it is stipulated as follows:—"And the oxen, for which this note is given, to remain said Rawson's until this note is paid." That, on the 5th of October, 1854, the said Frye paid fifty dollars, and an indorsement of the same was made upon the note; and, on the 7th of September following, was paid and indorsed the further sum of ten dollars; that he had demanded the oxen of defendant, who told him he had sold them. Before the demand was made upon the defendant, he brought a suit upon the note, which was still pending; that the officer who served the writ returned thereon an attachment of real estate.

For the defendant it was contended that, the plaintiff having received sums in part payment of the note, and having caused the balance to be secured by attachment and suit, the sale thereupon became valid and the property vested in Frye.

That the defendant, being a stranger to the transaction between the plaintiff and Frye, should be protected, the plaintiff having received the larger part of the note, and having secured the remainder before the sale by Frye to the defendant.

*It was held*, that the case discloses no defence. It appears from the note itself, that it was not intended *as payment for the oxen.*

*Defendant defaulted,*—*to be heard in the assessment of damages at Nisi Prius.*

Plaintiff, *pro se.*

*Hammons & Gibson*, for defendant.