## HUGHES, APPELLANT, v. COORS, APPELLEE.

1. CONVERSION.
The eviction from premises of parties who are lawfully engaged in removing the tenant's property, the locking up of the premises, keeping them locked, and preventing the removal of the chattels is a conversion thereof, and a recovery may be had for their value.

2. APPELLATE PRACTICE.
The finding as to the value of property converted, upon conflicting evidence, will not be disturbed.

*Appeal from the District Court of Arapahoe County.*

Mr. R. T. McNEAL, for appellant.

Mr. EZRA KEELER, for appellee.

REED, J., delivered the opinion of the court.

It appears that appellant was the owner of certain premises in the city of Denver, which were rented to and occupied by one C. B. Downing, as a saloon. Downing being indebted to appellee, Coors, executed a chattel mortgage upon the furniture and fixtures on December 16th, 1890, for $800, payable in 4, 8 and 12 months. On the 18th day of May, 1891, Downing made a sale to appellee of the chattels covered by the mortgage, and gave him the possession. Appellee immediately employed necessary help and teams and commenced to remove the property. In the afternoon, while so engaged,

appellant came in with an officer who suspended the work of removal, took possession of the place, ordered it vacated by appellee's employees, which was done, the officer claiming to exercise his authority under some kind of a writ. A portion of the property being unmoved remained upon the premises. The building was locked and possession taken of it and its contents by appellant or the officer, or both.

This suit was brought to recover the value of the remaining chattels. The complaint is in the ordinary form, for the conversion. In the answer no legal defense is interposed, no justification or plea of a writ or any legal procedure, no claim of ownership of the property, lien upon, or right to possession. All such claims are disavowed, the attempted defense being that the goods were not removed and that appellant wanted the possession of the building at once, and took it. This was no defense whatever. It is shown that Downing had possession of the premises under lease; that lease and possession were assigned and transferred to appellee; that the lease had not expired, consequently appellee was legally entitled to the possession of the premises, as well as chattels.

The only legal question presented is, whether the eviction of the parties from the premises who were engaged in removing the property, the locking up of the premises, keeping them locked and preventing the removal, was a conversion of the property. That it was, and might be so regarded by appellee, and recovery had for its value, is well sustained by the authorities. In fact, so well settled and elementary, that no authorities need be cited in its support; but see, *Richardson v. Atkinson*, 1 Str. 577; *Philpot v. Kelly*, 3 Ad. & El. 106; *Dench v. Walker*, 14 Mass. 500; *McFarland v. Farmer*, 42 N. H. 386; *Rawson v. Tuel*, 47 Me. 506; *Duncan v. Stone*, 45 Vt. 118.

The only other question to be determined was the value of the goods converted. The evidence was conflicting, but the value found was justified by a part, at least, of the evidence, and having been found as a fact, will not be disturbed. The judgment must be affirmed.

*Affirmed.*