CASPER F. RAASCH, Appellant, v. GEORGE O. GOULET, Respondent.

(194 N. W. 380.)

**Money received — evidence held insufficient to sustain verdict for plaintiff in action for money received.**

Action for money had and received. The record examined, and *held*, that on the showing made, by evidence introduced and offers of proof, viewing the same in the light most favorable to plaintiff, no recovery can be had.

Opinion filed June 16, 1923.

Money Received, 27 Cyc. p. 883 n. 35.

Appeal from the District Court of Barnes County, *Cole,* J.

Action for money had and received.

Judgment of dismissal ordered and entered.

Plaintiff appeals.

Affirmed.

*William Lemke* and *Thomas Sullivan,* for appellant.

"Whether the action is in tort or contract must be determined by a construction of the complaint." 1 C. J. 1020, 1031.

"Where one person fraudulently procures money of another the law will imply a promise to repay it, and the injured party need not sue in tort, but may sue in assumpsit for money had and received. . . . Having money that rightfully belongs to another, creates a debt; and wherever a debt exists without an express promise to pay, the law implies a promise to pay; and the action always sounds in contract." Byxbie v. Wood, 24 N. Y. 607.

"Even where there is no express contract and the cause of action arises out of tort, the tort may be waived, and an action of contract brought in all cases where the law will imply a promise on the part of the wrongdoer to reimburse the party injured by his act." Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 133.

"The right of the plaintiffs to waive their cause of action in tort and found their right to recover upon contract whether express or implied is unquestionable and there is no power either in the defendant or in the court to compel them to proceed upon the tort. . . . Conceding, however, that the complaint is doubtful and uncertain and states a cause of action maintainable on either theory, the only consequence of this would be to authorize the court to require plaintiffs to elect between such theories and to declare that upon which they choose to rely." People v. Wood, 121 N. Y. 522; Schick v. Suttle, 94 Minn. 135; Donn v. Finnegan, 53 Minn. 112.

*Combs & Ritchie,* for respondent.

"It is a fundamental principle that an agency can only exist by the will of the principal and the consent of the agent, and it is therefore essential to the formation of the relation that the principal shall either expressly or by implication, from conduct for which he is responsible, appoint the agent, and that the agent shall in some way accept the appointment. The law indulges in no naked presumption that an agency

exists, but, instead, presumes that a person is acting for himself and not as agent for another." 31 Cyc. 1638.

"Proof of fraud must be clear and convincing and be evidenced by facts which are inconsistent with an honest purpose." Reitsch v. McCarty, 35 N. D. 555, 160 N. W. 694.

"Fraud is not proven when good faith or an honest mistake may be as rationally and reasonably inferred from the evidence as fraud." Steinbach v. Bauclair, 38 N. D. 223, 164 N. W. 672.

"Fraud is never presumed, but must be affirmatively proved." 20 Cyc. 108.

"The fiction of an implied promise upon which an action of assumpsit may be founded will not be indulged, and a promise will not be implied where the defendant instead of receiving money as the money of the plaintiff for his use, claims and receives it as his own." 2 R. C. L. 35, note 5 and cases cited.

"He that answereth a matter before he heareth it is folly and shame unto him." Proverbs, chap. 18, verse 13.


NUESSLE, J. The plaintiff Raasch contracted to buy certain land belonging to the defendant Goulet. Plaintiff went into possession. He bought seed grain from the defendant which was sowed on the land. Later he was dispossessed by the defendant who appropriated the crop. Plaintiff then brought this action for money had and received to recover the money paid for the seed.

More fully stated, the facts as the same appear from the record, taking into consideration the offers of proof as made by the plaintiff, are substantially as follows: The plaintiff in 1915 owned land in Nebraska. The defendant Goulet owned land in Barnes county, North Dakota. The Lund Land Company, hereinafter referred to as the Lunds, was a real estate concern having offices at Valley City. In October, 1915 the plaintiff entered into a preliminary contract with the Lunds whereby he contracted to purchase from them for a stated consideration of $167,-700, land in North Dakota, aggregating 2,580 acres, then in fact belonging to the defendant, and as a part of the consideration therefor he transferred or agreed to transfer to them his Nebraska land. The defendant had no knowledge of this transaction, neither had he sold the land or listed the same with the Lunds for sale at that time, nor

in any manner authorized them to act in the sale for him of the same. Thereafter and in February, 1916, the defendant entered into a contract with the Lunds for the sale of 3,220 acres of land for a stated consideration of $120,765, including that the subject of the Lunds' contract with the plaintiff. The contract for the sale of this land, however, was not turned over to the Lunds by the defendant, but was left in escrow with his attorney. The defendant surrendered possession of the property to the Lunds under this contract. On March 31, 1916 the Lunds entered into a final contract for deed with the plaintiff carrying out the terms of the October contract, and the plaintiff transferred his Nebraska land to them. The Lunds immediately mortgaged the property conveyed to them and appropriated the funds thus obtained. At the time of the consummation of the transaction between the plaintiff and the Lunds, it was arranged that they should procure tenants for the plaintiff for the season of 1916 on the North Dakota land bought by him, and the plaintiff should likewise procure tenants for them for the Nebraska land. This was done. The Lunds, acting for the plaintiff and in accordance with their arrangement with him, placed four tenants on the land he had bought. They advised the plaintiff that it would be necessary for him to procure seed, and that such seed could be had on the premises from the defendant. The plaintiff instructed them to procure the seed. He himself examined some of the seed and it was satisfactory. The seed was furnished the tenants. The plaintiff paid the defendant therefor. At the time that the seed was purchased, the defendant knew who was buying it and for what purpose, knew that the plaintiff had entered into some arrangement to buy the property from the Lunds, and advised the plaintiff that he, the defendant, had sold it to the Lunds, but did not say that he had given only a contract and not a deed. The defendant also introduced the plaintiff to some of the neighbors as the new owner. The seed was sowed on the land by the tenants according to plaintiff's directions. Some crop grew therefrom. This was harvested by the tenants. Subsequently the defendant canceled his contract with the Lunds. The plaintiff was not served with any notice of such cancelation. The defendant made claim to certain insurance money paid for damage to buildings on the land, and later dispossessed the tenants of the plaintiff. This was the first notice that the plaintiff had of the defendant's claim to the premises

adverse to him. The crop was harvested and threshed, and the defendant took the landlord's share. It does not appear, however, what those crops were or what they were worth. The plaintiff received none of the proceeds. The defendant has at all times since been in possession and use of the land under claim of ownership.

Plaintiff brings this action to recover the moneys paid by him for the seed, contending that the Lunds were the agents of the defendant in the whole transaction; that there was collusion and fraud on the part of the Lunds and the defendant whereby plaintiff was induced to procure and pay for the seed; that he has had no benefit from the transaction, and the defendant has had all the benefits thereof, and ought in equity and good conscience to account for the money so paid by plaintiff; and that, therefore, by reason of these facts, he is entitled to recover as for money had and received.

After establishing the facts above stated by evidence or by offers of proof, the plaintiff rested his case. The defendant moved for a directed verdict in accordance with the statute. The court denied the defendant's motion and of his own motion ordered that the case be dismissed on the ground that the plaintiff had not established a cause of action for money had and received. Judgment was thereafter entered on this order. From the judgment and the order thus made, the plaintiff appeals.

The appellant in his brief states *that all the facts entitling the plaintiff to recover upon his theory of the case were either submitted or offered in evidence.* So that for the purposes of deciding this appeal, the sole question is as to whether or not upon the showing as thus made by the plaintiff and appellant, the court erred in holding that he had not made such a case as to warrant a recovery for money had and received. There appears to be no contention between the parties as to the correctness of the rule which the appellant contends for, that is, that an action in assumpsit for money had and received lies whenever one person has received or has in his possession money which he is not in equity and good conscience entitled to retain. Their difference arises over the question of whether or not that rule can be invoked under the facts thus established. The trial court held that it could not; that there was not such a showing as would warrant the plaintiff in receiving the relief demanded in the action brought.

After a careful consideration of the whole record, taking into consideration the offers of proof as well as the matters otherwise established, and viewing the whole in the light most favorable to the plaintiff, it is clear to us that the trial court was right in holding that the plaintiff was not entitled to recover as for money had and received. While it is true, as the plaintiff contends, that the action is not an action in tort on account of fraud; nevertheless to sustain the action, the facts must be such as will establish fraud or iniquitous dealing on the part of the defendant, such as will establish an equitable right in the plaintiff to that which he seeks to recover. Plaintiff's theory is that he has waived the tort and is suing on the implied contract. Necessarily there must be a tort, or there can be no waiver. The defendant sold and the plaintiff bought the seed. Neither party ever contemplated that the defendant should repay to the plaintiff the purchase price paid by him. There are no facts established from which such an implication can arise. We do not believe that there is that in the record, considered as above indicated, which will warrant any finding of fraud with reference to any part of the transaction, or any bad faith on the part of the defendant toward, or intent to mislead or deceive, the plaintiff. The plaintiff contends that the Lunds, in entering into the transactions with the plaintiff, were acting as agents for the defendant; that the land transferred by the plaintiff to them was transferred to them for the defendant, and that any moneys that may have been obtained by mortgaging these lands were obtained for the defendant; that by reason of the conduct of the defendant, plaintiff was falsely led to believe that he was the owner of the land, and under that belief he bought the seed. We are of the opinion, however, that there is nothing in the record to justify these contentions. There is no proof of agency, unless it may be inferred or implied from the facts as stated. We do not believe that they justify any such implication or inference. It may be that the defendant had no right to dispossess the plaintiff or his tenants. It may be that the defendant was not entitled to the crops grown from the seed furnished by the plaintiff or any part of the same. It may be that he converted these crops. However, those questions are not for determination in this action or at this time. This action is to recover the money paid for the seed, and not for the value of the crops. If the plaintiff has suffered injury by reason of any wrongful acts of the defendant in dispossessing

him or in appropriating the crop, he has his right of action on account thereof; but on the record as made here, he is not entitled to recover as for money had and received on account of his purchase of the seed from the defendant.

The judgment must be affirmed.

BRONSON, Ch. J., and BIRDZELL, CHRISTIANSON, and JOHNSON, JJ., concur.