No. 12,950.

DORRIS, CONSTABLE ET AL. *v.* SAN LUIS VALLEY FINANCE COMPANY.

(7 P. [2d] 407)

Decided January 18, 1932.

Messrs. PILCHER & MOYERS, for plaintiffs in error.

Mr. ALBERT L. MOSES, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

JOHN Dorris and Pedro Esquer, plaintiffs in error, will hereinafter be referred to as defendants, and the San Luis Valley Finance Company, a corporation, defendant in error, as plaintiff.

Plaintiff began an action in the justice of the peace court to recover damages from defendants for the alleged conversion of an automobile; upon trial, judgment was entered for defendants. An appeal was taken to the county court where, by reason of the disqualification of the county judge, the parties entered into a stipulation, upon which an order was entered, transferring the cause to the district court. In the district court, the action was tried by the district judge, without the intervention of a jury, and judgment rendered for plaintiff. Defendants prosecute this writ assigning several errors, but one of which we consider it necessary to determine in order to dispose of this writ.

Plaintiff claimed that it was the owner of a certain note secured by a chattel mortgage on the automobile in question; that default had been made in the terms and conditions of the chattel mortgage by which it became entitled to the possession of said automobile for the purpose of selling the same and applying the proceeds in accordance with the provisions of the chattel mortgage. Plaintiff also claimed some rights under a certificate of title to the automobile which was issued and dated February 10, 1931. Defendants claimed right of possession to

said automobile by reason of the levy upon the same under and by virtue of a writ of execution issued out of the justice of the peace court on February 21, 1931, which levy was made on March 2, 1931. Over the protest of plaintiff, defendants took the automobile and sold the same under the execution, and this action in conversion resulted.

At the trial in the district court, Wilfred M. Moses, secretary of plaintiff, while being cross-examined as a witness, was asked the following questions to which were interposed the following objections, in passing upon which, the court made the following rulings:

"Q. Mr. Moses, I notice that this note purports to have been endorsed by the Rio Grande Motor Company and then to have been endorsed by the San Luis Valley Finance Company, why was that done, why was it endorsed by the San Luis Valley Finance Company? A. Because we at one time put it up as collateral.

"Q. With whom? A. The First National Bank of La Jara.

"Q. And you had this note up as collateral with The First National Bank of La Jara at the time the levy was made?

"Mr. Moses: We object to that as immaterial.

"The Court: The objection is good unless there is something further that don't appear in connection with that.

"Mr. Moyers: I want to show at the time the levy was made and at the time this suit was brought that this note here which carries with it the security had been put up with a bank in La Jara as collateral security for a loan or perhaps sold straight out to them, I don't know which, and that being the case if that is the case the San Luis Valley Finance Company would have had no right to bring this suit at that time.

"The Court: I don't believe that contention is good, it will be overruled.

"Mr. Moyers: Exception."

Conversion is any distinct, unauthorized act of dominion or ownership exercised by one person over the personal property of another. *Murphy v. Hobbs,* 8 Colo. 17, 30, 5 Pac. 637; *Lutz v. Becker,* 89 Colo. 360, 2 P. (2d) 1081, 1082.

An action for damages for the conversion of personal property cannot be maintained unless plaintiff had a general or special property in the personalty converted, coupled with possession or the immediate right thereto. Bowers' Law of Conversion, p. 314, §430; 2 Cooley on Torts (3d Ed.), p. 848; 38 Cyc. 2044; 26 R. C. L., p. 1131, §41.

In order to recover damages for the conversion of chattels, plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of that of his adversary. *Union Stockyard Co. v. Mallory,* 157 Ill. 554, 560, 41 N. E. 888; *Miller Co. v. Butterfield Co.,* 32 Idaho 265, 267, 181 Pac. 703; *Park v. Grady,* 62 Mont. 246, 251, 204 Pac. 382; *Salisbury v. Segal,* 178 N. Y. S. 599, 602; *Raasch v. Goulet,* 52 N. D. 707, 713, 204 N. W. 338; *Bernard State Bank v. Lankford,* 223 Mo. App. 519, 11 S. W. (2d) 1084, 1088; Bowers' Law of Conversion, p. 432, §594; 38 Cyc. 2048.

Any evidence tending to deny plaintiff's ownership or right of possession was competent. The trial court, by its ruling, excluded competent and material evidence, and the defendants' rights having been properly preserved by exceptions, it is incumbent upon us to reverse the judgment.

Judgment reversed and cause remanded.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE CAMPBELL and MR. JUSTICE HILLIARD concur.