No. 17,461.

C. J. Herbertson, et al. *v.* Robert Cohen.

(237 P. [2d] 47)

Decided August 22, 1955.

Messrs. McDougal, Rogers & Sweeney, for plaintiffs in error.

Mr. EDWARD H. SHERMAN, Mr. MAX M. GLASTON, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court, where defendant in error was plaintiff and plaintiffs in error were defendants. Trial proceeded upon plaintiff's amended complaint in which Centennial Casualty Company and U-Drive-It System, Inc. of Denver were named as defendants. The action as to Centennial Casualty Company and U-Drive-It System, Inc. was dismissed at the trial.

Plaintiff's complaint was for conversion of a 1950 Nash automobile, alleged to be of the value of $2,200. It appears that R. L. Duff was the owner of this automobile, which had been damaged in an accident, and that plaintiff Cohen held a chattel mortgage on the automobile. It is also admitted that C. J. Herbertson, and his son, Floyd J. Herbertson, were doing business under the name and style of General Auto and Truck Leasing Company, which concern was engaged in the garage business and in repairing damaged cars. It is further admitted that Centennial Casualty Company had issued a collision insurance policy on said automobile, and that all the stock in the Centennial Casualty Company, except qualifying shares, was held by C. J. Herbertson and his son, Floyd J. Herbertson.

Following the accident, and at the request of the Centennial Casualty Company, the automobile was delivered for repairs to General Auto and Truck Leasing Company. The repairs were made and after demand the defendants retained possession of said automobile and refused to deliver it to plaintiff, who meanwhile, under the mortgage, claimed the automobile. Duff made no claim to the car, and has not appeared in the action.

Defendants, by their answer and cross-complaint, admitted the car was damaged in an accident; that it was insured by the Centennial Casualty Company, and that said car was delivered to General Auto and Truck Leasing Company under instructions from the Centennial Casualty Company. It was alleged the reasonable value of the repairs made by General Auto and Truck Leasing was $421, and defendants allege they were ready and willing to deliver the car to plaintiff and offered to do so upon payment of "proper charges," and they admitted the repair charges had been paid, except the sum of $50 which they alleged plaintiff refused to pay; that plaintiff refused to pay the storage charges after the repairs had been completed, and defendants prayed for judgment against plaintiff in the sum of $585.

Trial was to a jury and resulted in a verdict in favor of plaintiff in the sum of $1,800, upon which judgment was entered, and defendants bring the cause here by writ of error, urging for reversal: 1. That at the time of the alleged conversation plaintiff had made an outright assignment to a bank of his title to the note and chattel mortgage on the automobile and could not maintain the suit. 2. That there was no conversion. 3. That the trial court erred in giving certain instructions to the jury. 4. That the trial court erred in refusing to give certain instructions requested by defendants. The foregoing in one form or another constitute the grounds claimed for reversal.

Plaintiff had sufficient interest in the note and chattel mortgage to maintain the action for conversion. A careful reading of the record discloses that the note in question was merely collateral for a loan at a Bank and not an absolute transfer of title. We believe it is fundamental that a transfer of a note and mortgage as collateral does not preclude the mortgagee in the right to recover for conversion of the property covered by the mortgage. The facts as disclosed by this record were that plaintiff had a line of credit at the Bank and the

234

note and mortgage in question were delivered to the Bank that the latter could reimburse itself for moneys advanced when they became due and were unpaid by plaintiff. The transaction with the bank was a security device and nothing else. This was clearly shown by the testimony of the witness Stanley, an officer of the Bank, and not controverted by any other witness.

We hold that plaintiff had sufficient interest to maintain the action.

■ Conversion is any distinct, unauthorized act of dominion or ownership exercised by one person over the personal property of another. *Dorris v. San Luis Co.,* 90 Colo. 209, 7 P. (2d) 407; *Murphy v. Hobbs,* 8 Colo. 17, 5 Pac. 637; *Lutz v. Becker,* 89 Colo. 360, 2 P. (2d) 1081.

In *Dorris v. San Luis Co.,* supra, it was said: "An action for the conversion of personal property cannot be maintained unless plaintiff had a general or special property in the personalty converted, coupled with possession or the immediate right thereto."

■ Under the record before us, did the plaintiff in the trial court have a general or special property in the automobile, coupled with a right to immediate possession thereof? The answer is definitely yes. Plaintiff was the mortgagee under a valid chattel mortgage executed by Duff, the terms of which mortgage had been breached by nonpayment of principal and interest. *McCormick, Adm'r. v. First National Bank,* 88 Colo. 599, 299 Pac. 7. Plaintiff had a sufficient title to maintain the action because under the terms of the chattel mortgage he had a right to immediate possession of the car, a fact well-known to, and not disputed by, Herbertson. Not only this, but plaintiff in writing offered to save Herbertson and his several interlocking organizations harmless on account of the delivery of the car to plaintiff. Herbertson refused to deliver possession, and according to evidence in the record, in a haughty, insolent and vulgar manner demanded that a complete release of all claims

under the insurance policy be executed by plaintiff or the car would be held until "the ...... ...... ......" (Cohen), executed a complete release and accepted the car without any right to complain about the kind of repair job done on it.

█ Under this record the detention of plaintiff's property and the exaction of a release and imposition of storage charges, all done for the purpose of forcing plaintiff to accept the car in its then condition, and to completely exonerate Herbertson's insurance company on account of the repairs, was [a form of ransom or extortion] wholly without right or authority. Plaintiff had offered to do everything reasonable and proper, but possession of the automobile was withheld and would only be delivered upon defendant's terms. Herbertson would not even let plaintiff examine the car or try it out to see if it had been properly repaired.

We have carefully noted the instructions given and refused by the trial court. We observe no error in the rulings of the trial court on the instructions, or in the rejection or admission of evidence. The record discloses that in this fairly simple case some eight hours of the court's time were consumed by counsel in settling the instructions. The entire record discloses the extreme patience displayed by the trial judge throughout this extended trial.

█ Counsel for defendants insist there could be no conversion unless the detention of the automobile "was accompanied by motives of malice or fraud," and tendered an instruction along this line, which was properly refused. Malice or fraud form no essential part of the conversion under the facts in this case.

Noting no prejudical error in this record, the judgment is affirmed.