488 P.2d 93 (1971)
Frederick G. DEEB, Deeb's Carpet Studios, Inc., a corporation, and Lakewood Shopping Center, Inc., a corporation, Plaintiffs in Error,
v.
Howard E. CANNIFF, individually and doing business under the name and style of Carpet and Tile Mart, Defendant in Error.
No. 70-648, (Supreme Court No. 24009.)
Colorado Court of Appeals, Division II.
June 15, 1971.
Rehearing Denied July 7, 1971.
Certiorari Denied September 7, 1971.
*94 C. J. Berardini, Denver, for plaintiffs in error.
Walter F. Scherer, Clarke W. Karr, Denver, for defendant in error.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
This case was transferred from the Supreme Court pursuant to statute.
Defendant in error (Canniff) sued Deeb's Carpet Studios, Inc., (Deeb) and others, who are not parties in this court, to recover damages for conversion of personal property. Deeb counterclaimed for rent claimed to be due under a lease agreement between the parties.
There is no substantial dispute as to the material facts. Deeb was lessee of a store in the Lakewood Shopping Center. He assigned his interest in the lease to Canniff. Under the terms of the assignment Deeb remained obligated to perform all the covenants of the lease, and Canniff assumed and agreed to pay the rent and perform the covenants. The assignment was effective February 1, 1961, and the term of the lease ran until March 31, 1962. By agreement, Canniff took possession prior to February first and set up a carpet and tile business in the premises. Canniff paid the rent for the months of February and March, 1961.
In the late afternoon of March 24, 1961, Canniff advised Deeb that he, Canniff, was not going to pay the April rent and wanted to move out. That night Deeb had all the locks changed on the store, and Canniff was deprived of possession for the final week of March.
During that week Deeb's attorney advised Canniff's attorney that Canniff could move back in if he would reaffirm the lease. Canniff maintained that the lease had been terminated by Deeb's actions. On March 31, 1961, Canniff commenced this action.
After April 1, 1961, Deeb removed Canniff's goods from the store and placed them in a warehouse. He advised Canniff's attorney that they would be returned when and if Canniff would reaffirm the lease.
*95 Two trials were held. After the first trial, the trial court dismissed the counterclaim and submitted only Canniff's claim of conversion to the jury, which returned a verdict in favor of Deeb. Motions for a new trial were filed by both parties and were granted. A new trial was held to a jury on the claim of Canniff and the counterclaim of Deeb. At the conclusion of the evidence, the trial judge again dismissed the counterclaim and ruled that Deeb had converted the property of Canniff, as a matter of law, and submitted only the question of damages to the jury. The jury returned a verdict in the sum of $6,944.01 and the court entered judgment for that amount plus interest at six percent per annum from the date of the commencement of the action. The court by supplemental order computed the interest at $3,050 and entered a corrected judgment for $9,994.01 and costs. It is to this final judgment that Deeb asserts error.
Deeb asserts that the trial court erred in dismissing his counterclaim and in ruling that as a matter of law he was guilty of converting the goods of Canniff. We affirm the trial court.

I
The first issue to be decided is whether Deeb's action in changing the locks on the store terminated the lease and thus relieved Canniff from his obligations under the assignment. We hold that it did.
Although the agreement between the parties was an assignment of the lease, they treated it as a sub-lease. Canniff paid the rent to Deeb who then paid the original lessor, who was not a party to the assignment. The actions of the parties, prior to any dispute, which evidence their intent will be given force and effect if consistent with legal principles. Fellers-Schoonmaker Homes, Inc. v. Five Star Homes and Real Estate, Inc., 158 Colo. 163, 405 P.2d 677.
Deeb claimed that although Canniff had paid the rent through March 31, his declaration that he would not pay the rent for April constituted an anticipatory breach which entitled Deeb to retake possession without terminating the lease, and that this is what he did. The lease provided that if the tenant defaulted in the payment of rent, "the landlord shall give to the tenant three (3) days notice to correct" the default. Any other default required the landlord to give ten days notice. If the default was not corrected within the specified period then the landlord could elect either to terminate the lease, evict the tenant, and retake possession or to retake possession without terminating the lease.
Assuming the statement by Canniff that he was not going to pay the rent in April constituted a present default under the lease, the "landlord", Deeb, did not give notice as required by the lease and the options which would have followed the giving of notice did not become operative. See, Miller v. Sparks, 4 Colo. 303. Therefore the situation is controlled by the general rule that a re-entry by the landlord or a willful act of the landlord which materially disturbs the possession of the tenant constitutes an eviction and terminates the lease. Milheim v. Baxter, 46 Colo. 155, 103 P. 376, Central Business College Co. v. Rutherford, 47 Colo. 277, 107 P. 279. See, Berae Co. v. Gorman, 168 Colo. 551, 452 P.2d 379.
Deeb's conduct in changing the locks and evicting Canniff under the undisputed facts in this case terminated the lease, and the issue raised by the counterclaim was properly withdrawn from the jury.

II
The trial court was correct in ruling that, as a matter of law, Deeb was guilty of converting Canniff's personalty. In Hughes v. Coors, 3 Colo.App. 303, 33 P. *96 77, a landlord evicted his tenant prior to termination of the lease, locked the tenant out, and refused to permit the tenant's chattels to be removed. The court held this to be a conversion, stating that the rule is "so well settled and elementary that no authorities need be cited in its support."
Deeb's agreement to return the goods if Canniff would reaffirm the lease did not prevent the taking and retention from being a conversion. Canniff had no obligation to re-affirm the lease after its termination. The condition imposed had no legal foundation and thus did not relieve Deeb from the consequences of his wrongful taking. Schlittenhardt v. Bernasky, 147 Colo. 601, 364 P.2d 586; Herbertson v. Cohen, 132 Colo. 231, 287 P.2d 47.

III
Deeb further asserts that Canniff is not entitled to interest from the date of commencement of the action, and that the trial court erred in computing the interest from that date and adding it to the judgment. We do not agree. The instruction to the jury which set forth the elements to be considered in determining Canniff's damages did not include interest but was limited to a determination of the value of the property converted by Deeb.
The rule in Colorado is, "* * * that one whose property is converted is entitled, as part of his damages, to interest at the legal rate from the time of conversion. * * *" (Emphasis supplied.) Montgomery v. Tufford, 165 Colo. 18, 437 P.2d 36. Therefore the inclusion of interest in the judgment was proper. In this case Deeb asked for interest only from the date of commencement of the action and was properly limited to the amount prayed for.
The judgment is affirmed.
DUFFORD and PIERCE, JJ., concur.