521 P.2d 1272 (1974)
Don O. ROCKWELL and Paul R. Carson, d/b/a C. C. Carson Construction Company, Plaintiff-Appellee,
v.
MOUNTAIN VIEW ELECTRIC ASSOCIATION, INC., Defendant-Appellant.
No. 72-426.
Colorado Court of Appeals, Div. II.
March 5, 1974.
Rehearing Denied March 26, 1974.
*1273 Francis A. Benedetti, Wray, for plaintiff-appellee.
Robert T. James, Colorado Springs, for defendant-appellant.
Not Selected for Official Publication.
PIERCE, Judge.
This appeal concerns a breach of contract action relative to a building construction project.
Defendant (Mountain View), desiring to have an office and garage building constructed on its premises, issued specifications and proposed contract provisions to several contractors, including plaintiff (Carson). Prior to the opening of the bids and execution of the contract for the construction of the building, Mountain View furnished the proposed bidders, including Carson, with an addendum which amended several provisions of the proposed contract. The record indicates, and the court found, that Carson, the successful bidder, received its copy of the addendum prior to the execution of the contract. The record further supports the trial court's determination that the contract provided that the structure should be completed within 210 days from the commencement of the work and that the official commencement day was October 28, 1968.
During the course of the project, six change orders signed by the appropriate officer of Mountain View, and also by its architect, were submitted to Carson. In some instances, the change work had already been commenced, or had been completed by Carson before it received the change order. Each of the change orders contained the statement that there would be no change in the contract time of 210 days. The contract between the parties provided for a penalty of $50 per day as liquidated damages for each day the construction continued in excess of the time agreed upon, giving effect to any agreed extensions of time. The 210-day period expired on May 16, 1969.
Following an inspection in mid-August, 1969, the architect concluded that the project was substantially complete. Carson demanded a contract payment based on that conclusion, but Mountain View did not pay. The architect approved the construction of the building on or about October 5, 1969. Mountain View then moved into the building, but still refused to make any further payments to Carson on the grounds that various defects in the building had not yet been corrected and that therefore, the building was not complete. Carson filed suit claiming the balance of the contract price, and Mountain View counterclaimed for liquidated damages based on the failure of Carson to complete the building within the original 210-day period, and for certain other damages connected with the cost of completing the building.
The trial court found that the building was substantially complete by August 15, 1969. When allowance was given for the necessary time to complete the change orders and further allowance for bad weather shutdowns, the trial court found that Carson had until August 18, 1969, to complete the building. Thus, the court concluded that the contractor was entitled to the balance of the contract price and that since Mountain View had breached the contract by failing to make a contract payment on or before the completion date, the contractor was excused from any further performance under the one-year guarantee clause of the contract. The trial court denied the counterclaims and awarded Carson the sum it claimed was due under the contract. Mountain View appeals.

I
The principal contention of Mountain View is that, since the change orders specifically declared that there would be no *1274 extension beyond the 210 days, the trial court erred in allowing parol evidence on the issue of the time to be allowed to complete construction. We do not agree.
The change orders are ambiguous on their face. While each of them purports to give no time extension, four of the six orders were executed by Mountain View long after the 210-day initial period had already passed. Two of those four were, in fact, executed in January of 1970, after Mountain View had already moved into the building in October of 1969. As we view the record, the trial court's action in admitting evidence outside the contract, including parol testimony, was done not to vary the terms of the contract, but to explain its ambiguities. This was not error. Schmelzer v. Condit, 69 Colo. 405, 195 P. 323.

II
Mountain View next argues that even with the admission of parol evidence, the trial court erred in finding that Mountain View had waived the 210-day time limit. Although this court is not bound by the trial court's interpretation of the written contract and its ambiguities, Sentinel Acceptance Corp. v. Colgate, 162 Colo. 64, 424 P.2d 380, there is evidence in the record to support the conclusion of the trial court. There was testimony that Carson had been told by the architect, Mountain View's agent, that it should not worry about making written requests for time extensions. Furthermore, there is testimony that the "no change" sentence in the change orders may have been clerical oversights.
In addition, the execution of the change orders subsequent to the end of the 210-day period can reasonably be considered acts which are inconsistent with Mountain View's alleged intent to hold Carson to the strict requirements of the time provision. See 6 S. Williston, Law of Contracts § 856 (3d ed.). Such acts of the parties, prior to any dispute, will be given force, and the intent demonstrated by such actions is binding upon the parties and the court. See Deeb v. Canniff, 29 Colo.App. 510, 488 P.2d 93.
Mountain View also argues that the asserted waiver of the designated completion date had not been properly pleaded and that therefore, that issue was not properly before the court. The complaint alleged that the change orders modified the contract "thereby extending the 210-day time period." This was sufficient to raise the waiver issue and the trial court was therefore correct in finding a waiver of the strict limits of the time limit provision.
In light of the facts and circumstances present, the trial court properly gave effect to the intention of the parties. Leach v. LaGuardia, 163 Colo. 225, 429 P.2d 623.
In addition to the finding of waiver, the trial court found that Carson was not bound by the contract addendum requirement that there be a written request for a completion date extension. Although arguably this provision was a valid and binding term of the contract, its significance is negated by the fact, as properly found by the trial court, that the original completion date had been waived.

III
Principally relying upon three exhibits of certain communications between Mountain View and its architect, the trial court concluded that time extensions allowable for bad weather and change orders moved the completion deadline to August 18, 1969. Mountain View objected to the admission of these exhibits, first, because they were not included in the pre-trial order and constituted surprise evidence at the trial, and secondly, because they were copies of other documents and were not the best evidence. Without these exhibits, there was no evidence before the court from which it could establish either an agreement of the parties as to the length of time for the extensions or a reasonable time which should have been allowed under the circumstances for the completion of the work.
*1275 In ruling on the objections to these exhibits, the trial court offered the defendant an opportunity to examine the exhibits and to request a continuance if necessary. Plaintiff's counsel argued that the originals had been demanded from defendant and that the copies were offered in lieu of the originals pursuant to C.R.C.P. 43(g)(2). Defendant's counsel acknowledged receipt of the demand, but argued that he had received the demand only two or three days before trial, and had not had a reasonable opportunity to locate the originals. Counsel for the plaintiff specifically requested a ruling on the timeliness of the demand for the originals. The trial court thereupon admitted the exhibits, thereby impliedly ruling that the demand had been timely made.
Defendant's primary objection to these exhibits was that they had not been named in the pre-trial order and counsel for the plaintiff had not notified the defendant of his intent to use them more than 15 days before trial as required by the pre-trial order. Since the originals of the proposed exhibits were in the hands of the defendant, it is difficult to see the utility of requiring plaintiff's counsel to forward copies of them to the defendant under the pre-trial order. Strict compliance with the provisions of a pre-trial order will not be required where there is no substantial risk of prejudice from the lack of notice to the party opposing the admission of the evidence. Landauer v. Huey, 143 Colo. 76, 352 P.2d 302; Francisco v. Cascade Investment Co., 29 Colo.App. 516, 486 P.2d 447. C. McCormick, Evidence 440 (2d ed.)
Defendant's second objection to the admission of these exhibits, that they were not the best evidence, was also properly overruled. It was not disputed at trial that the original of the documents in question were in the hands of the defendant, and the trial judge, at least by implication, ruled that plaintiff's demand for the originals had been made in a timely fashion allowing the defendant a reasonable time to produce the originals. Under the circumstances present here, it is well established that secondary evidence is admissible in lieu of original writings. C. McCormick, Evidence § 239.

IV
Finally, Mountain View argues that the trial court erred in finding that it breached the contract by its failure to make a payment on or before August 15, 1969. Nothing in the pleadings or in the evidence produced at trial raises an issue as to this "breach" of contract. This conclusion was not necessary to support that part of the judgment awarding to the plaintiff the unpaid balance of the contract price, and denying the owner's claim for liquidated damages. However, the trial court also concluded that because of this "breach" by the owner, "the contractor was further excused from final completion of the contract and is not liable for the expenses incurred by the owner-defendant to complete the building." Thus, the conclusion of the court is a necessary element of that part of the judgment denying defendant's counterclaims for the expenses incurred in correcting defects in the building which would have been the contractor's responsibility under the one-year guarantee provision of the contract.
We find no basis in the record for concluding that the owner breached the contract on or before August 15, 1969. However, the pleadings do raise an issue as to the failure of the owner to pay an amount which allegedly became due upon approval of construction by the architect on or about October 5, 1969. The trial court made no findings in regard to this potential breach of contract. Thus, the cause must be remanded for further proceedings to determine whether or not there was such a breach of contract on the part of the owner and if so, whether or not that breach excused the contractor from further performance under the one-year guarantee provided by the contract.
Judgment awarding the plaintiff the balance of the contract price, and denying defendant's *1276 claim for liquidated damages is affirmed, but judgment with respect to the issues raised by defendant's counterclaims is reversed and remanded for further proceedings.
COYTE and ENOCH, JJ., concur.