No. 16,027.

KRANZ *v.* RUBUSH.
(209 P. [2d] 555)

Decided July 11, 1949.   Rehearing denied September 6, 1949.

Mr. L. A. HELLERSTEIN, Mr. WAYNE D. CALDERWOOD, for plaintiff in error.

Mr. WALTER H. ANDERSON, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

DEFENDANT in error, as plaintiff below, filed this action for damages on March 27, 1947, alleging that plaintiff in error, defendant below, converted to his own use a 1½-ton Chevrolet truck of the value of one thousand dollars, together with convertible units thereon of the value of fifteen hundred dollars, which was the property of plaintiff; that plaintiff had a steam cleaning business in which he used the alleged converted property and that by the conversion, the business was wholly destroyed. A jury's verdict was in favor of plaintiff and it fixed his damage at two thousand dollars—one thousand dollars for conversion of the property, and one thousand dollars for destruction of business. Appropriate judgment followed.

To this judgment error is specified on the ground of the court's refusal to grant the motion for directed verdict at the conclusion of plaintiff's case, and at the end of the trial, for the reason that the evidence did not sustain an action in conversion, and further error is specified to the court's instructions to the jury.

Since it is our conclusion that the court committed reversible error in denying the motion for a directed verdict, we will not unduly lengthen this opinion by a discussion of other meritorious specifications.

Defendant was admittedly shown to be the owner and title holder of the truck in question. The truck had been sent by defendant to Rangely for use in connection with his ice and cold storage business. S. Edward Tucker, a witness called by both parties, was in charge of defendant's business at Rangely. It developed that there was no need or use for the truck in defendant's business and defendant told Tucker to sell it. About January 4, 1947, plaintiff, a resident of Rangely, made inquiries of Tucker concerning the truck. Tucker, thereupon telephoned, in plaintiff's presence, to defendant Kranz at Denver and told him that plaintiff wanted the truck and was told by Kranz that if the plaintiff would make the two payments amounting to over two hundred

dollars and keep up the payments that plaintiff could go ahead and take the truck. Plaintiff was told there was a mortgage on the truck of about one thousand dollars. Plaintiff gave Tucker his check for two hundred and some odd dollars and took possession of the truck and soon thereafter perfected a steam cleaning unit which he used in cleaning oil well machinery in the field. Plaintiff did not request, and received no bill of sale and no receipt or memorandum in writing concerning the transaction. He operated the truck until about March 18, without obtaining a license, and failed to make payments that he knew, or was advised, were to be due on February 1 and March 1, 1947. As nearly as can be determined from the evidence, these payments were to be made to Tucker, the representative of defendant.

Tucker testified three times and as a witness for both parties and the substance of his testimony was that plaintiff was to obtain title as soon as the truck was completely paid for and if he kept up the payments, he would eventually have the truck.

Plaintiff contends that this was an absolute sale and the defendant insists that it was a conditional sale. Counsel for defendant in error contends that the only thing that remotely resembles a conditional sale contract is found in the evidence of the witness Tucker, which he says is not only a verbal contract, but is vague and indefinite and this is the testimony of the only witness in the case on that subject. If the testimony is vague and indefinite, it is the testimony on which counsel for defendant in error relies to support an absolute sale.

After plaintiff was in default on the two payments that came due, defendant testified that he talked to plaintiff on March 5 about the payments, but this is denied by plaintiff. On March 18, defendant went to Rangely and located the truck with the cleaning unit on it in front of a beer parlor and on inquiry found that

one Lonnie Wright was operating the truck for plaintiff and Wright was found in the place. Defendant told him that he was going to take the truck and Wright asked him if he owned it and on being advised that defendant was the owner, Wright asked him how he could show ownership, or words to that effect, and defendant took him to defendant's place of business and exhibited the title and handed it to Wright for his inspection. Wright says he did not read it; plaintiff testified that Wright was his agent in the matter. Defendant then had the truck, together with the cleaning unit, which weighed several thousand pounds, driven away and parked at a cottage camp where it remained for a week or ten days and then was taken to a construction company and the cleaning unit removed and left with the construction company, which was told that the cleaning unit was the property of plaintiff. At the time defendant took possession of the truck, plaintiff was out of the state for a few days and on his return immediately filed his complaint herein.

Plaintiff says that he bases his claim of ownership and an absolute sale on his check. Under the evidence and the circumstances, this was wholly insufficient to overcome the contention of defendant that it was a conditional sale. Plaintiff had no title and apparently made no effort to get one, which would be the act of a normal person in consummating an actual sale and purchase. There certainly were conditions to be met by plaintiff before he would get title and these conditions were to make the payments that were understood to be coming due under the mortgage or completely pay for the truck. He failed to meet these conditions and defendant, being the owner of the truck, was entitled to protect his interest on default of the conditions. This he did by taking possession of the truck, and in doing so, was not liable in conversion. The agreement was an oral one and the evidence does not show that the ordinary details concerning such a transaction were clearly

brought out and in the absence of anything to the contrary, the usual and customary conditions would apply. Under the circumstances, no demand was required on the part of the defendant. Plaintiff surely did not expect to retain possession when he had not made the payments and he must rely in a conversion action upon the strength of his own title, which, in this case, was wholly lacking.

Plaintiff contends that defendant was guilty of conversion and attendant damages by repossessing the truck without tendering back to plaintiff the payment he made on the purchase price. We cannot agree with this contention. A vendor who retakes his chattel on default of conditional sale is not liable in conversion for not tendering back the payment made on the purchase price. The action of the vendor, or the defendant in this case, amounted to a recision of the contract and we do not decide that he may not, under some circumstances, be held accountable for the payment made by the buyer, the plaintiff in this case, less offset by damage.

For the reasons herein stated, the judgment is reversed and the cause remanded with directions to dismiss the complaint.

Mr. Chief Justice Hilliard and Mr. Justice Moore concur.