475 P.2d 356 (1970)
MATSON & MULHAUSEN CONSTRUCTION COMPANY, a partnership, Plaintiff in Error.
v.
BOULEVARD NATIONAL BANK, a National Banking Association, Defendant in Error.
No. 70-289, (Supreme Court No. 23877.)
Colorado Court of Appeals, Div. I.
August 11, 1970.
Rehearing Denied September 1, 1970.
Certiorari Denied October 29, 1970.
McCarthy & Reneau, Thomas E. McCarthy, Denver, for plaintiff in error.
Dawson, Nagel, Sherman & Howard, Charles R. Frederickson, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado, and was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This writ of error is directed to a judgment obtained by the Boulevard National Bank against Matson and Mulhausen Construction Company (Matson) in an action brought by the bank as an assignee of an account receivable from Matson.
In May of 1966, Matson was the general contractor on a school construction job. M & M Electric Company was the electrical subcontractor on the job. Matson was to receive payments from the school district as the work progressed and, on receipt of these payments, was to pay M & M *357 for the portion of the electrical work which it had completed.
On May 9, 1966, the bank made a loan of $4,025 to M & M and received an assignment of the M & M account receivable from Matson. Before the loan was made, a bank officer called Matson on the telephone and verified the account. Matson said the electric company had an account receivable due from Matson in the nature of a progress payment in the amount of $4100, net after retainages, which would be payable when the money was received from the school district. Later that day, a bank officer delivered a letter addressed to Matson:
"We wish to inform you by this letter that we have taken an account receivable in the amount of $4,923 as security for a loan to M & M Electric.
"Kindly make your check for payment payable to M & M Electric Company and Boulevard National Bank.
"Please sign the enclosed copy as your acknowledgment of this letter."
Matson signed the letter as requested. Below his signature the following statement appears:
"The Bank does understand that after retainages of fees the amount due M & M Electric will be approximately $4,100.00"
About three days later, M & M abandoned the job and later filed a petition in bankruptcy. M & M made no payments to the bank on the note. In its contract with Matson, M & M had agreed to do the electrical work for $42,678. Matson engaged a new subcontractor to do the work for a price of $43,000. At the time of its default, M & M had performed very little of its work, and 80% of the progress payment assigned to the bank was for materials which M & M had delivered to the job site. These materials were not incorporated into the work but were returned to the suppliers because M & M had not paid the purchase price. Matson owed nothing to M & M because of the latter's default.
In its complaint, the bank alleged that it held an assignment from M & M Electric Company of an account receivable in the amount of $4,923 owed to M & M by Matson; that Matson had acknowledged said assignment by letter dated May 9, 1966; and demanded judgment for $4,923. Matson answered and denied any indebtedness to the bank or to its assignor.
The case was tried to the court and, at the close of all the evidence, the court found for the defendant and dismissed the action. Thereafter, on motion by the bank, the court amended its findings of fact, conclusions of law and entered judgment in favor of the bank.
It is the general rule that an assignee has no greater rights against a debtor than those possessed by its assignor. The assignee takes subject to all equities and defenses which could have been set up against the chose in the hands of the assignor. Denver United States National Bank v. Asbell Bros. Const., 10 Cir., 294 F.2d 289. This rule is recognized in the Colorado Assignment of Accounts Receivable statute, C.R.S.1963, 11-2-6, which provides:
"Notwithstanding the receipt by the debtor of a copy of such notice, [of assignment of account receivable] renewal or affidavit, the debtor shall have, and may assert, any and all defense and set-offs which may exist or arise in favor of the debtor against the assignor either before or after the receipt by the debtor of the copy of such notice, renewal or affidavit."
It is not disputed that Matson was not indebted to the bank's assignor. The bank is in no better position than its assignor and, accordingly, cannot recover on the assignment.
The bank, while conceding the general rule to be as stated, contends that it is not applicable where the debtor adds to the otherwise naked assignment it own direct promise and representations to the assignee, *358 or where the debtor by it representations to the assignee estops itself from raising defenses against the assignee which it might have against the assignor. Neither of these theories of liability are set forth in the pleadings or in the pre-trial order, and there is no support in the evidence for either theory of liability.
The judgment is reversed and remanded with directions to dismiss the action.
SILVERSTEIN, C. J., and DUFFORD, J., concur.