488 P.2d 1118 (1971)
Howard H. PIERCE, Plaintiff-Appellant,
v.
Billie H. ACKERMAN, Defendant-Appellee.
No. 70-469, (Supreme Court No. 24781.)
Colorado Court of Appeals, Division I.
September 14, 1971.
Victor F. Crepeau, Denver, for plaintiff-appellant.
Hindry & Meyer, Robert E. Temmer, Denver, for defendant-appellee.
Not Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties appear here as they appeared below and will be referred to by their trial court designations or by name.
*1119 Plaintiff initiated this action, apparently on the theory of conversion, to recover the value of certain goods and equipment he purported to own, which were allegedly in the possession of defendant. At the close of plaintiff's case, judgment of dismissal was entered against plaintiff on the ground that he had failed to carry the burden of proof regarding his right to the disputed property as required under Colorado law. We affirm.
The evidence in the record supporting plaintiff's claim is substantially as follows: In July 1966, Gem-Spec, Inc. entered into an agreement with one Harry Waite, whereby it agreed to purchase from him certain furniture, fixtures, and equipment located in a tavern which it was leasing from Waite. It appears from the evidence that the personal property to be sold to Gem-Spec was not to be physically delivered but would remain in the tavern. The agreement expressly stated that, after receipt of the purchase price, Harry Waite would deliver to Gem-Spec a bill of sale for three of the items involved, vesting title in Gem-Spec, Inc. Waite was not required to deliver bills of sale for the remaining items unless the liquor license for the tavern being leased was transferred. The license was never transferred.
Plaintiff stated that the purchase price was paid and that bills of sale for the three items were received. No bills of sale, however, were offered into evidence. It further appears from the record that the goods and equipment in question were subsequently moved into a different tavern leased by Gem-Spec from defendant Ackerman. Upon failure of this lease agreement, the goods were retained by Ackerman.
In support of his claim, plaintiff, the President and principal owner of Gem-Spec, Inc., relies on an assignment to him by Gem-Spec of all its right, title and interest in and to the above mentioned agreement between Harry Waite and Gem-Spec. This assignment was made sometime after January 1967.

I.
It is elemental to the successful prosecution of a conversion action that the plaintiff establish his title or right of immediate possession to the property allegedly converted. Dorris v. San Luis Valley Finance Co., 90 Colo. 209, 7 P.2d 407; McCormick v. First National Bank, 88 Colo. 599, 299 P. 7. See Kranz v. Rubush, 120 Colo. 264, 209 P.2d 555.
As to the property not covered by the purported bills of sale, plaintiff asserts that title passed to him under C.R.S. 1963, XXX-X-XXX(2) which states:
"Unless otherwise explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods * * *."
This section, however, is not applicable in support of plaintiff's position. The agreement under which plaintiff asserts his ownership explicitly stated that title would be transferred by bill of sale. Further, there is no indication that physical delivery of the goods either occurred or was contemplated by the parties. Therefore, the controlling Uniform Commercial Code provision is C.R.S. 1963, XXX-X-XXX(3) which states:
"(3) Unless otherwise explicitly agreed, where delivery is to be made without moving the goods: (a) If the seller is to deliver a document of title, title passes at the time when and the place where he delivers such documents * * *."
The assignment from Gem-Spec to plaintiff could do no more than vest in plaintiff the right to demand delivery of title from Waite if the price were paid and the liquor license transferred, and could not vest title in plaintiff as to those items for which no bill of sale was ever issued by Waite, nor did the general assignment by its terms or by implication transfer any rights of immediate possession to plaintiff. He acquired only the right to acquire the title and dominion over these items after the happening of a condition precedent which condition *1120 never occurred. Therefore, he acquired no standing to prosecute an action in conversion for these particular items. See Crosby v. Stratton, 17 Colo.App. 212, 68 P. 130.

II.
Plaintiff also relies on his 1967 assignment from Gem-Spec to establish his title to the three items for which Waite allegedly issued bills of sale. The evidence shows, however, that these bills of sale, which were evidently issued prior to the assignment, ran to Gem-Spec, and not to plaintiff Pierce individually. Thus, title to these items passed to Gem-Spec prior to the execution of the 1967 assignment, under C.R.S. 1963, XXX-X-XXX(3), and as to these items Gem-Spec had no further rights against Waite under the July 1966 agreement. Hence, Gem-Spec's assignment of this agreement to plaintiff Pierce did not entitle plaintiff to demand title to the same from Waite, nor could it give him any right of immediate possession. The rule is clear that an assignee has no greater rights than his assignor. Matson & Mulhausen Construction Co. v. Blvd. Nat'l Bank, 28 Colo.App. 427, 475 P.2d 356. Therefore, in the absence of any showing that title passed from Waite to plaintiff or evidence of any transfer or passage of title or possessory rights from Gem-Spec to plaintiff, the plaintiff has failed to establish title requisite to maintaining an action of conversion. See McCormick v. First National Bank and Kranz v. Rubush, supra.
Since there were neither documents of title nor was there any other evidence to support plaintiff's claim to the disputed property, the trial court properly entered a judgment of dismissal. See Teodonno v. Bachman, 158 Colo. 1, 404 P.2d 284.
Judgment affirmed.
COYTE and DUFFORD, JJ., concur.