**Gernot HEINRICHSDORFF,**
**Plaintiff-Appellant,**

v.

**Terry RAAT, Individually and doing business as Garden Construction and Landscape Company, Defendant,**

**and**

**The First National Bank of Colorado Springs, a National Banking Association, Defendant-Intervenor-Appellee.**

**No. 81CA1250.**

Colorado Court of Appeals,
Div. III.

Nov. 18, 1982.

Robert W. Johnson, Colorado Springs, for plaintiff-appellant.

Spurgeon, Haney & Howbert, P.C., Nancy Chase Miller, Colorado Springs, for defendant-intervenor-appellee.

KIRSHBAUM, Judge.

Plaintiff, Gernot Heinrichsdorff, appeals the trial court's summary judgments concluding that intervenor, The First National Bank of Colorado Springs (the Bank), and not Heinrichsdorff, is entitled to a sum of $5,000 on deposit with the court. We reverse.

The following undisputed facts are revealed by the record. On September 4, 1980, defendant Raat, doing business as Garden Construction and Landscape Company, executed a renewal note to the Bank in exchange for a loan of $20,000. The note was secured in part by a security agreement granting the Bank a security interest in "all accounts receivable, whether now owned or hereafter acquired, held in the name of Garden Landscape and Construction Company." This security agreement had been perfected on November 6, 1979, pursuant to § 4–9–401, C.R.S.1973. Raat subsequently defaulted on the loan.

During 1980, Raat performed various services for the City of Westminster (the City). At the conclusion of the performance of those services, the City withheld a portion of the sums it owed Raat, in compliance with the requirements of § 38–26–107, et seq., C.R.S.1973 (the Act). Pursuant to § 38–26–107(1), C.R.S.1973, the City set October 20, 1980, as the date for final settlement.

On October 17, 1980, the Bank notified the City of the existence of its security agreement respecting accounts receivable. On October 20, 1980, Heinrichsdorff filed a Notice of Claim with the City. The notice asserted that, pursuant to the Act, Heinrichsdorff was entitled to payment of $5,000 as a result of having furnished materials and supplies to Raat in connection with the services rendered by Raat to the City. On December 4, 1980, the Bank demanded payment by the City of all sums held in Raat's account.

On January 15, 1981, pursuant to § 38–26–107(2), C.R.S.1973, Heinrichsdorff filed a complaint and notice of *lis pendens,* asserting rights as a lien claimant to payment of $5,000. Upon the filing of cross-motions for summary judgment by Heinrichsdorff and by the Bank, the trial court entered judgment in favor of the Bank. That judgment has been certified as final pursuant to C.R. C.P. 54(b).

The trial court concluded that Heinrichsdorff was a lien creditor under § 4–9–301(3), C.R.S.1973, and that his lien took effect on July 1, 1980. The trial court also concluded that the Bank's perfected security interest took priority over Heinrichsdorff's lien because that lien was acquired after the Bank's security interest had been perfected.

The sole issue on appeal, as stipulated by the parties, is whether the trial court correctly concluded that the Bank's claim to the $5,000 retained by the City was superior to Heinrichsdorff's claim to those funds.

Section 38–26–101, et seq., C.R.S.1973, entitled "Contractor's Bonds and Lien on Funds," is designed to protect all persons who supply labor or material for public works projects and is the public works counterpart of the Mechanic's Lien Statute. *South-Way Construction Co., Inc., v. Adams City Service,* 169 Colo. 513, 458 P.2d 250 (1969). To ensure that persons who provide services to contractors engaged in such projects obtain payment of unpaid claims against the contractor, the Act requires any public body which awards a contract to withhold from the contractor sufficient funds "to ensure the payment of said claims until the same have been paid or such claims as filed have been withdrawn . . . ." Section 38–26–107(2), C.R.S.1973. The Act requires public agencies, prior to completing their contractual obligations to the contractor, to pay valid outstanding claims owed by the contractor to subcontractors.

The Bank has asserted that § 38–26–107, C.R.S.1973, creates only a *claim* to funds impounded by the City, and does not by its terms establish any *lien.* However, in *Continental Casualty Co. v. Rio Grande Fuel Co.,* 108 Colo. 472, 119 P.2d 618 (1941), our Supreme Court concluded that the Act did establish a lien on funds held by public agencies for satisfaction of legitimate claims. This analysis reflects the rationale of numerous cases establishing the principle that suppliers of labor and of materials have preferred positions in terms of demands upon retained funds in the context of public works contracts. *See, e.g., Pearlman v. Reliance Insurance Co.,* 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962); *American Surety Co. v. Westinghouse Electric Manufacturing Co.,* 296 U.S. 133, 56 S.Ct. 9, 80 L.Ed. 105 (1935); *Henningsen v. United States Fidelity & Guaranty Co.,* 208 U.S. 404, 28 S.Ct. 389, 52 L.Ed. 547 (1908). Hence, we reject the Bank's contention that § 38–26–107, C.R.S.1973, does not create a lien.

Heinrichsdorff asserts that his lien must be accorded priority over the Bank's perfected security interest in determining the rights of these two claimants to the disputed funds. We agree.

There is no dispute that the Bank properly perfected its security interest pursuant to § 4–9–402, C.R.S.1973. However, § 4–9–402, C.R.S.1973, is not determinative in the circumstances here presented. Section 4–9–203(1), C.R.S.1973 (1981 Cum. Supp.) states that "a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless . . . the debtor has rights in the collateral." A contractor has no right to receive payment of funds retained by a public agency until such time as all suppliers of labor and materials for the project are paid pursuant to § 38–26–107, C.R.S.1973. *Weld Colorado Bank v. E & E Construction, Inc.,* 653 P.2d 758 (Colo. App.1982). Furthermore, an assignee has no greater rights against a debtor than those possessed by its assignor, and the assignee takes subject to all equities and defenses which could have been set up against the assignor. *Matson & Mulhausen Construction Co. v. Boulevard National Bank,* 28 Colo.App. 427, 475 P.2d 356 (1970).

Here, the Bank's security interest in "accounts receivable" was valid only insofar as Raat had rights to the funds retained by the City. Raat had no rights to those funds until Heinrichsdorff's claim was settled pursuant to § 38–26–107, C.R.S.1973. Thus, the Bank's security interest could not attach to those funds, and the trial court erred as a matter of law in granting "priority" to the Bank's claim.

The judgments are reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

SMITH and KELLY, JJ., concur.